BIERCE *v.* JAMES.

(*Jackson.*    May 7, 1889.)

PARTITION.    *Of remainder and reversionary estates.*

Estates in land, in remainder or reversion, are subject, under our stat-
ute, to partition, or sale for partition, upon application of any per-
son having an interest therein in common with others.

Code construed: ₹ 3993, *et seq.* (M. & V.); ₹ 3262, *et seq.* (T. & S.).

Cases cited and distinguished: Norments, Admr. *v.* Wilson, 5 Hum.,
310; Robertson *v.* Robertson, 2 Swan., 197.

FROM SHELBY.

Appeal from Chancery Court of Shelby County.
B. M. ESTES, Ch.

Two bills for partition dismissed on demurrer.
Complainants appealed.

TURLEY & WRIGHT and SMITH & COLLIER for
Complainants.

T. B. EDGINGTON and S. J. SHEPHERD for Re-
spondents.

SNODGRASS, J.    This cause, and the one heard
with it (*Hatchett* v. *Wells*), involve different as-
pects of the same question in partition—that is,
whether parties entitled to an estate in remainder

or reversion, and not in possession together, are entitled to have it partitioned, or sold for partition, the life tenant joining in the application or resisting it.

The first cause stated was a bill filed to sell for partition twenty acres of land which was covered by a dower assigned to Mrs. E. C. Cooper (now Glenn), and by her conveyed to the defendant, E. A. Bierce, upon the allegation that complainant owned three-sixteenths of the property in remainder, as tenant in common with others who were made defendants, as well as Mrs. Bierce, the owner of the dower interest.

In the second cause the complainant alleged that he was the owner of four-fifths of two lots, and improvements thereon, of which Louis P. Wells, the minor defendant, owned the other fifth. That the lots were subject to the tenancy by the courtesy of L. W. Wells, father of defendant, and this life estate belonged to complainant.

The defense by demurrer to both bills was the same—that is, "that complainants, not holding and being in possession of the land with defendants, were not entitled to partition."

The Chancellor held against the right, and complainants appealed. His decree was based upon the supposed authority of *Norment's Admr.* v. *Wilson*, 5 Hum., 310; *Robertson* v. *Robertson*, 2 Swan, 197; and the peculiar phraseology of § 3262 of the Code of 1858, defining the persons entitled to have partition, or sale for partition, as those "having an estate of

inheritance, or for life, or for years, in lands, and holding and being in possession thereof as tenants, in common or otherwise, with others." M. & V. Code, § 3993.

To determine whether or not this conclusion is correct, it is necessary to review the statutes preceding the Code, and embodied in it—no change having been made affecting the question under consideration since 1858—in connection with the decisions referred to.

Before this date several changes were made by which the very limited statutory right of partition between claimants "of the estate of an intestate" (Act 1787) was so enlarged and extended as to permit of partition, and sale for partition, not only of such estates, but of all estates held under will or deed, by tenants in common, or tenants in coparcenary, joint·tenants, or otherwise.

The Code, with a slight change in phraseology, included the material provisions of all the various Acts preceding, in some instances by appropriate section, and in some by condensing several sections into one, by including in a single statement claimants and interests provided for in separate Acts.

This will be understood by a careful observation of the effect of the several Acts recited in detail hereinafter, and of the Code sections subsequently referred to.

The first Act on the subject is that of 1787. This conferred jurisdiction upon the Circuit and Chancery Courts to partition real estate of an *in-*

*testate* on the application of one or more claimants thereof. It did not extend to other interests in land, either by deed or will, or to other persons than claimants of interests in the real estate of an intestate, and only authorized partition—not sale—of such interests.

The Act of 1789 extended the right to *partition* to tenants in common, and provided that "where real estate may be held by two or more persons as tenants in common, they shall and may have the same liberty and privilege of having their estates divided as is provided by the Act of 1787 for dividing the estates of intestates."

In 1799 the partition law was so amended as to define the right of partition as extending to any "persons holding lands, tenements, or hereditaments in fee simple, or for a less estate as tenants in common, or as joint tenants, or in coparcenary or otherwise," by providing for the mode of proceeding such persons should adopt in order to have partition.

The Act of 1815 authorized Commissioners appointed to divide real estate "held in joint tenancy or tenancy in common, and also the real estate of intestates in proportions of equal value and not quantity, as heretofore practiced. And the Act of 1817, so far only as lands inherited were concerned, extended the jurisdiction of the partitioning Court to every county in the State if the lands were situated in other counties besides that in which the application was made.

By the Act of 1823 provision was made for assignment of dower in case of application for partition by the heirs of a decedent to whose widow dower had not been assigned.

Thus the law stood until 1827, when the right to sale for partition was given "to the heirs or legal representatives of any deceased person" who "shall inherit any real estate, and the same shall be so situated that partition thereof can not be made in the mode now pointed out by law, or where such estate may be of a description that it would be manifestly for the advantage of the heirs or legal representatives of such deceased person that the same be sold."

This right of sale was, upon the same terms, extended by the Act of 1829 to tenants in common with tenants in coparcenary.

It is enough to say of all these statutes that while at different times, and in different terms, provision was made for parceners, tenants in common and joint tenants, the effect of all was to permit partition or sale for partition in a proper case to all these tenants or holders of any undivided interests in connection with others, whatever it may have been.

Before considering the Act of 1854, and the Code provisions on the same subject, it is proper to examine the constructions put upon the statute as it stood when the two cases heretofore referred to . were decided in 1844 and 1852. In the first, *Norment's, Admr.* v. *Wilson,* a purchaser at a partition

sale filed his bill to be released. It appeared that the minors interested in the land as remaindermen were not made parties to the case in which the sale was made. The court held the sale void of course, but in the same connection said that the statute did not "contemplate partition by sale of reversionary interests, or interests in remainder, and could have no amplitude of construction."

Here it is obvious that being ascertained that the minor owners of the remainder were not before the court, no construction of the law in the aspect stated was necessary or material, as, however, it may have been the sale was void. The further opinion was *dictum*.

In the second case, *Robertson* v. *Robertson*, a petition was filed by the adult heirs of Peyton Robertson against the minor heirs and the widow in the Circuit Court of Davidson County to have the real estate covered by the dower of the widow partitioned. The widow alone was made defendant, and answered for herself, and as *guardian ad litem* for the minors, agreeing that the petition should be granted. Commissioners were appointed and set apart to the petitioners one-fourth each, leaving the other two-fourths undivided. The proceeding was instituted and completed at the same term without publication or notice. It was then brought to the Supreme Court on writ of error by petitioners.

The court decided the proceeding void upon several grounds:

*First.*—That notice was not given, under the

Act of 1799, which required at least ten days notice of the petition, nor publication in lieu for three months as required in the Act of 1831, a requirement not to be dispensed with in case of minors, whose appearance no *guardian ad litem* is authorized to enter.

*Second.*—Because the record does not show any appointment of a *guardian ad litem.*.

*Third.*—Because the charging upon the shares of petitioners set apart to them the difference in their value and that of the undivided shares.

Here again it is obvious that after the decision of the question of *notice* and *absence of proper parties*, the other propositions were immaterial though definitely and positively stated in the form of decision as having once determined that such parties were not before the court as authorized it to partition at all, it is mere *dicta* to say what its proceeding might or might not have been if the proper parties had been before it.

But notwithstanding the two succeeding propositions after the first were *dicta* and unnecessary, the court did not content itself with them, but added two others in less positive form as grounds upon which the sale was void; one that it did "not *believe* the statutes authorize a partial partition of land," and another to the effect that it did "not *think* our Acts on the subject of partition applied to interests in remainder or reversionary estates." It is then stated *arguendo* that the exact question has not been decided, but that in the case of

*Norment's, Admr.* v. *Wilson* it was decided that interests in reversion or remainder cannot be *sold* for partition. This *dictum* upon a *dictum* was supposed to have settled the question prior to the Act of 1854, and was treated as having settled it at that time in *Kindell* v. *Titus* (9 Heis., 742).

With this reference to the cases on that subject, made in order to fully present the condition of the question at the time of the passage of the Act of 1854, we return to that Act and state its material provisions. It provided that the partition laws of this State be so amended that when several persons shall hold *or* be in the possession of any lands, tenements, or hereditaments as joint tenants, or as tenants in common, in which one or more of them shall have estates of inheritance, or for life, or lives, or for years, any one or more of such persons being of full age may apply for a division or partition of such premises according to the respective rights of the parties interested therein, and for a sale of such premises if it shall appear that a partition cannot be made without great predjudice to the owners. That parties desiring it might have their shares set apart in severalty, leaving the shares of others, who so desire it, in common, and in case there are minors, the court may, in its discretion, set their shares apart in severalty or not, as appears just and right upon the proof, but in no case shall the fact that there are minors, and it is to their interest that their shares be kept together, deprive the other parties

of their right to have their shares set apart to them in severalty.

That when the premises so held in common are subject in whole or in part to the incumbrance of dower, or of tenancy by courtesy, any one or more of the joint owners, being of full age, may apply for partition of said premises, and it shall be the duty of the court to order partition accordingly.

If commissioners report that exact partition cannot be made without injury to the parties, and that they have made partition as nearly equal as they can, and also report the value of each share or the sum necessary to be paid by some of the shares to equalize the others, the report shall be confirmed and lien given on the more valuable shares in favor of those taking the less.

This Act evidently intended to authorize the partition of remainder interests, and to remedy and do away with the construction given the former Acts on this question as well as upon the question of division into shares of unequal value in the case of *Robertson* v. *Robertson.*

From these several statutes the compilers of the Code undertook to form one, and the Legislature to enact, in it, a concise system of partition, with such eliminations and additions as. were necessary for that purpose. (It is proper to say here that such sections of the Code as materially add to or change the law on this subject originated with the Code.) Brevity required the elimination of everything superfluous in expression, and much remodel-

ing of phraseology; system, the arrangement of the matter thus condensed and simplified in appropriately succeeding sections, in order that the various statutes on all sujects intended to be preserved, might be harmonized, made intelligible in relation, and brief enough for embodiment in the designed Code. This was accomplished admirably, considering the work as a whole, but in some instances, and notably in the chapter devoted to partition, not without obscurity and apparent conflict of meaning. For instance: The several statutes had treated of the right to partition in "claimants of the estate of an intestate," of "tenants in common," of "joint tenants," and "tenants in coparcenary," or other "representatives of an undivided estate." They had designated estates to be divided in different terms, as "in fee," "for life" or "lives," "for years," and otherwise, and the manner in which held as "inherited," "devised," etc., some statutes relating to one class of persons or estates, and some to another, and the last (Act of 1854) among other provisions, making still another change in limiting the persons seeking partition to those "of full age."

It was impossible to repeat all these terms and distinctions. It was also unnecessary to do so to preserve all the rights conferred in the several statutes. The compilers made, where practicable, a word speak a sentence, and a sentence represent a paragraph, or if possible a chapter. In the first section of the partition law, § 3262, they accom-

plished much in this way.    That section provides
for the persons dividing, and estates to be divided,
in the briefest terms, in which are embodied the
substance of all the former laws stated, with one
most important verbal elimination from the Act of
1854, that of " full age " of the applicant.

The entire section, heretofore partly quoted, is
as follows:

"Any person having an estate of inheritance, or
for life or for years in lands, and holding and be-
ing in possession thereof, as tenant in common or
otherwise, with others is entitled to partition there-
of or sale for partition under the provisions of
this chapter."

Part of this phraseology is from the Act of
1854, while part of it is a condensational improve-
ment upon that of this or any preceding Act, but
in the portion substantially copied from the Act
of 1854 there is this change; the language "hold
*or* be in possession of," referring to persons who
may apply for partition, is changed to "holding
*and* being in possession of" in the Code.    It is
argued, and the Chancellor so held, that this was
an intentional change for the specific purpose of
limiting the right of partition where there was no
actual possession by the applicant for partition be-
cause of an intervening life estate, or of dower,
or tenancy by the courtesy.    But that this cannot
be true is evident from the next section, which in
terms declares " that the fact that the premises are
subject to a life estate by dower or courtesy, or

to an incumbrance by mortgage or otherwise, will not affect the right." § 3263.

Now this latter section is from the Act of 1854, which first thereby in terms, and for that undoubted purpose, did authorize the partition of remainder estates. The Legislature of 1858 adopted the section from the language of· that Act, except that after the word "premises" the words "in whole or in part," for clearness and brevity, are omitted in the Code, the sentence meaning the same without them, and the Legislature adding in the Code the further provision that an "incumbrance by mortgage or otherwise will not affect the right."

This section being (with a slight amendment which extended its scope) the substance of the original which expressly confers the right of partition of remainder estates, and the original being itself thus extended by amendment, it is impossible to construe the intention of the same Legislature adopting it to be to preserve it in such extended form, and solemnly enact it in a separate and independent section of the Code, after designedly destroying its force and purpose, and repealing it by the change of a conjunction in a former sentence in a preceding section.

The use of "and" for "or" was either an inadvertence of the compilers or the Legislature itself, or the result of a clerical error in copying or misprint, or not intended to be understood as implying that actual possession was necessary to a par-

tition, but only that there should be no adverse inconsistent possession.

It is superfluous labor, however, to speculate on the context and meaning of the word. It is enough to say of it that it was not intended to rob the chapter itself of the meaning and effect which whole sections succeeding, and antagonistic to that construction, give it. One of these sections we have already quoted and commented upon. With very brief comment we cite several others, which are absolutely conclusive of the question. They are as follows:

"The bill or petition (for partition) shall set forth as far as known the names of the owners * * * describe the title by which the property is held and possessed, etc." § 3270.

"Every person having such interest, whether in possession or otherwise, and every person entitled to dower, if the same has not been allotted, shall be made a party." § 3271.

"If dower has never been allotted to the person entitled, upon petition for partition the same may, on motion, be allowed and set apart by commissioner, as in other cases." § 3289.

"In such case the entire tract, or tracts, including the part in which dower is assigned, may be partitioned among the claimants as hereinbefore provided." § 3290.

"The partition thus made is conclusive on all parties named in the proceedings who have at the time any interest in the premises divided, as owners

in fee or as tenants for years, or as entitled to the reversion, remainder, or inheritance of such premises after the termination of any particular estate therein; or who, by any contingency in any will, conveyance, or otherwise, may be, or may become entitled to any beneficial interest in the premises, or who shall have any interest in any individual share of the premises, as tenant for years, for life, by the courtesy, or in dower. * * * " § 3291.

"Such judgment in partition will not affect any tenants or persons having claims as tenant in dower, by the courtesy, or for life, to the whole of the premises, nor preclude any person, except those specified in the last section, from claiming any title to the premises, or from controverting the title or interest of the parties between whom the partition has been made." § 3292.

"Any person entitled to a partition of premises under the foregoing provisions is equally entitled to have such premises sold for division in the following cases. * * * * " § 3293.

" The Court may, with the assent of the person entitled to an estate in dower, or by courtesy, or for life, *to the whole or any part* of the premises, *who is a party* to the proceeding, sell such estate with the rest." § 3305.

" If such person is incapable of giving assent, the Court may determine under all the circumstances, and taking into view the interests of all the parties, whether such estate ought to be excepted from the sale or sold." § 3306.

The two sections last cited clearly imply, and treat it as a matter of course, that the partition proceedings may be for the partition of land, *all* of which is covered by a dower, tenancy by the courtesy, or other estate for life, and make provision for the sale of such life estate when "assented to" by the life-tenant, and also for the disposition of such an estate in *such suit* for partition when the life tenant is incapable of assenting, as in consequence of minority, insanity, or otherwise. And Secs. 3290 3291, and 3292, show clearly that dower interests, tenancies by the courtesy, and other life estates upon parts of the premises after division, and upon the whole of the premises before division were contemplated and provided for. In the former case the judgment in partition was made conclusive, in the latter, though such judgment could (and it was contemplated would) be rendered, and partition made between remainder-men, it was not conclusive upon, and did not affect the life-tenant of the entire premises so held in dower, tenancy by the courtesy, or otherwise.

That these statutes authorized partition of remainder interests has been assumed by the bar generally throughout the State, and this construction, practiced upon and tacitly approved by this Court, as such partition, has been long permitted here without objection. In consequence, many estates have been so partitioned, and numerous titles depend upon the construction. The precise question does not appear to have been before the Court,

perhaps for the reasons stated, but the construction now given is not without text-book authority. Mr. Caruthers, than whose judgment respecting the statutes and practice of this State none was ever more valuable or more forcibly expressed, lends it the great weight of his opinion.

History of a Lawsuit, § 611.

We think it is clear beyond all question that the Code authorizes the partition of remainder estates. It is, therefore, not necessary to review decisions cited in other States, on statutes only in some respects similar to ours. It is enough to say that there is nothing in them which affects the view we have taken of our statute as a whole, and that so considered it is, properly, susceptible only of the construction herein given it.

The decree in each of the causes stated is therefore reversed, and they are remanded for further proceedings.

The costs will be paid by the appellees.