Stevens *v.* Brown.

(*Jackson,* April Term, 1938.)

Opinion filed May 27, 1938.

James E. Blount, Jr., and Ulysses A. Burgess, both of Memphis, for plaintiff in error.

Wallace Lopez, of Memphis, for defendant in error.

Mr. Chief Justice Green delivered the opinion of the Court.

This case was appealed directly to this court. At a former term we examined the record and thought the judgment below should be affirmed. The record disclosed, however, that the judgment entered was entered upon the verdict of the jury rendered upon issues of fact. The case having been determined in the lower court by a method involving a review of the facts, we were without jurisdiction to affirm the judgment on direct appeal and transferred the case to the Court of Appeals.

The case is now back on petition for *certiorari* directed to the judgment of the Court of Appeals, which reversed the judgment below.

The Court of Appeals reversed the judgment below and dismissed the suit because the plaintiff did not call up for disposition a demurrer at the term at which it was filed. This on the authority of *McGee* v. *Fourth &*

*First National Bank,* 153 Tenn., 357, 284 S. W., 60. In that case a demurrer was filed and no action taken by complainant for six years. The chancellor dismissed the bill on defendant's motion and this court affirmed the chancellor by reason of section 10475 of the Code, regulating chancery practice, that "A demurrer or a plea shall be set for argument at the first term."

The Court of Appeals refers to section 10339 of the Code, regulating practice at law, that "A demurrer stands for argument at the term at which it is filed." The Court of Appeals thought that the ruling in *McGee* v. *Fourth & First National Bank,* and the similarity of section 10339 and section 10475 required the dismissal of this suit.

The case of *McGee* v. *Fourth & First National Bank* was explained in *Doane* v. *Knoxville Inv. Corp.,* 159 Tenn., 76, 16 S. W. (2d), 186. The authorities were reviewed in the last case and the enforcement of section 10475 was shown to be a matter of discretion with the chancellor. Section 10339 is not imperative in its terms as is section 10475. The imperative "shall" does not appear in the former section as in the latter section of the Code. We think the circuit judge likewise has discretion as to whether he will enforce section 10339.

In the case before us the trial judge overruled the defendant's motion to dismiss this suit because plaintiff had not properly called up the demurrer. This was within his discretion. This record contains nothing in the shape of a bill of exceptions and we do not know what facts were made to appear to the circuit judge.

The Court of Appeals further said that the judgment below must be reversed because an amendment to the declaration was permitted which introduced a new

cause of action. This ruling of the Court of Appeals was erroneous.

The suit was one at law by a servant against his master for damages for personal injuries alleged to have been suffered on account of an unsafe place to work and defective machinery—for common law negligence. The amendment permitted was this:

"That the defendant employed more than five men at the time plaintiff was injured as alleged herein and therefore was subject to operate under the Tennessee Workmen's Compensation Law, but had failed to so operate, by not obtaining workmen's compensation insurance, or by carrying his own insurance as required by the Tennessee Workmen's Compensation Law."

The Court of Appeals apparently treated this as an effort to change the suit from one at common law to one under the workmen's compensation statute. Under section 6895 of the Code an employer amenable to the compensation act, who does not comply with the statutory provisions relating to insurance or indemnity to employees, may be held liable to his employee "in the same manner as if the employer had refused to accept the provisions of this chapter, and in any suit brought by the employee against the employer the defense of contributory negligence, the fellow servants' rule, and the assumption of the risk by the employee shall not be open to or set up by the employer in any common law court in which such suit may be brought."

This amendment made no change in the cause of action. The action remained one at common law for breach of a master's duty to his servant. No additional fact, as a basis for recovery, was set out in the amendment.

Really the amendment was a mere superfluity and

may be regarded as such. Defendant, among other pleas, pleaded not guilty. Under this plea of the general issue defendant was entitled to rely on the defenses of contributory negligence and assumed risk. By way of meeting these defenses, without any additional pleading, the plaintiff was entitled to prove that defendant was amenable to the compensation act but had not provided insurance or indemnity for the employees, and plaintiff was thus entitled to rely on the provisions of section 6895 of the Code set out above.

There was a judgment below for the plaintiff for $375 and, as stated, no bill of exceptions was preserved. We must presume that there was evidence to sustain the verdict and judgment and, finding no error in the proceedings in the circuit court, the judgment of that court will be affirmed and the judgment of the Court of Appeals reversed.