HUTCHESON *et al. v.* HUTCHESON *et al.*

(*Knoxville,* September Term, 1940.)

Opinion filed October 19, 1940.

ROSCOE WORD, of Knoxville, for complainants.

J. F. ATCHLEY, of Chattanooga, for defendants.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

I. N. Hutcheson died intestate in Hamilton County seized and possessed of about 200 acres of farm land. He left surviving him his widow, Tennie Hutcheson, and five children. By proper proceedings, commissioners were appointed to set aside to the widow homestead and dower out of the lands of the deceased. The commissioners fixed the value of the 200-acre tract at $800, and set aside to her the entire tract as homestead.

The Tennessee Valley Authority, a corporation created and existing under an Act of Congress, 16 U. S. C. A., sections 831-831cc, is authorized to acquire real estate and exercise the right of eminent domain in the name of the United States of America and to acquire or condemn all real estate which is necessary to carry out the purposes of the corporation. Pursuant to the power granted, the corporation has undertaken to construct the Chickamauga Dam and has caused surveys to be made of the dam site and the lands that will be flooded as a result of the construction of this project and has determined that the 20.3 acres of the homestead land will be necessary for the construction of the dam and reservoir and for carrying out of the purposes of the corporation.

The widow and adult heirs of I. N. Hutcheson, deceased, entered into a written contract to sell and convey to the Authority the 20.3 acres for the consideration of $1,345.20 for the entire fee, free of all encumbrances.

On November 7, 1938, the original bill herein was filed by the widow and adult heirs of I. N. Hutcheson, deceased, against two minor heirs, seeking the approval of the court of the proposed sale. The chancellor found and decreed that the price offered was the full and fair cash market value of the 20.3 acres of land and that it was for the manifest best interest of the minor defendants that it be sold at the price offered, and approved and ratified the sale, including the minor defendants' interest, and divested all right, title and interest out of the parties complainant and defendants and vested the same in the United States of America. The Authority thereupon paid the amount of the purchase price into court.

The chancellor further decreed that the net proceeds derived from the sale be reinvested in other real state, subject to the approval of the court, with title in the

widow, Tennie Hutcheson, for life, with vested remainder in the heirs at law of I. N. Hutcheson.

Within a few days after the entry of the above mentioned decree, Bettie Joe Hutcheson and Viola Campbell Holland, the two minor defendants, by the guardian, and Ada Campbell Davis, an adult complainant, filed their petition in this cause seeking a distribution of the proceeds of sale upon the basis of a valuation of the life estate of the widow, which was $587, and the balance to the heirs at law as their interest might appear. It was averred in the original bill that the widow was 65 years of age and in good health and that, according to the mortality tables, the value of her life estate in the 20.3 acres sold was $587.70, and the proportions of the money going to the other parties to this suit were set forth.

It was further sought by the petition to have deducted from the sum which it was asserted should be awarded the widow, the sum of $405.60 in satisfaction of a judgment recovered by petitioners against the widow for their share of $1,000 received by her for timber sold from off the homestead land.

The widow answered the petition and declared her desire that the money paid into court be reinvested according to the decree theretofore entered in the cause. Proof was taken and the value of the homestead tract, less the 20.3 acres sold, was found by the chancellor to be $3000.

The chancellor decreed, on the issues made by the petition, that the widow was entitled to retain the farm as homestead, and also to have the money derived from the sale of the 20.3 acres reinstated in other land, with life estate vested in her and remainder interest vested in the heirs of I. N. Hutcheson. It was further decreed that the proceeds of the sale were impressed with the home-

stead rights of the widow, and could not be subject to the payment of the judgment of $405.60 rendered against her in a former suit.

On the appeal of the petitioners, the court of appeals reversed the decree of the chancellor upon the ground that the widow having voluntarily come into court seeking a confirmation of the contract for the sale of the 20.3 acres to the Authority, an equitable conversion resulted, and, as the homestead land retained by her was of a value in excess of $1000, she was not entitled to have the proceeds of the sale reinvested in other lands with homestead rights therein. The court further held that petitioners were entitled to a decree subjecting a sufficient amount of the funds going to the widow to the payment of the judgment for $405.60.

The widow has filed her petition for *certiorari* to this court, which has heretofore been granted and the cause set down for argument.

The Tennessee Valley Authority determined that the acquisition of the 20.3 acres of the homestead tract was necessary to the erection of the Chickamauga Dam and reservoir. The Authority was vested with the power of eminent domain and could have condemned the 20.3 acres for the purpose of carrying out its project. Instead of resorting to such proceedings, the widow and adult heirs agreed to sell and convey to the Authority the entire estate in the 20.3 acres for an agreed price. The bill herein was filed against the two minor heirs, seeking the approval of the sale by the court. The sale in essence, was not a voluntary one, because the land was necessary to the work of the Authority and it could have condemned the same.

The sale was of the entire fee in the land, and included the widow's homestead right therein. The adult

heirs agreed to the sale and the chancellor approved the
same for the minors, as well as for the adult heirs and
the widow. The fund realized from the sale represents
the land itself; it stands in place of the land. Could it be
doubted that had the Authority found it necessary to
acquire the whole of the 200-acre tract, the allotted home-
stead right of the widow would have attached to the con-
sideration paid therefor? We think it clear that on a
sale of homestead lands, where the entire fee and home-
stead estate are passed by deed or decree, that the whole
of the fund realized from the sale represents the home-
stead.

In *White* v. *Fulghum* 87 Tenn., 281, 10 S. W., 501, 502,
a mortgage was foreclosed in the chancery court. In the
mortgage, the mortgagor and his wife had waived their
homestead right. At the sale a sum was realized in ex-
cess of the mortgage debt. Judgment creditors of the
mortgagor filed this bill to reach the excess. The court
said:

"Though the sale of the land, absolutely and without
reservation, must of necessity have extinguished Fulg-
hum's right of homestead in *the land itself,* it by no means
follows that it extinguished his right of homestead in *the
proceeds* of the land. The mere fact that the land has
been converted into money, and that money as such can-
not be enjoyed as a homestead, cannot destroy the right
of homestead after it has once attached to the land."
(Italics those of the court.)

The court proceeded to allow homestead exemption to
the amount of $1000 out of the excess funds arising from
the mortgage sale.

In the instant case, homestead has been set apart to the
widow. Code, sec. 8357. When assigned, it became an
absolute estate for life, with right to use or sale. *Carey*

v. *Carey,* 163 Tenn., 486, 43 S. W. (2d), 498; *Grier* v. *Canada,* 119 Tenn., 17, 107 S. W., 970. Thus the whole fund realized from the sale was impressed with the widow's homestead right.

It is argued that to allow homestead right in the proceeds of the sale would be improper because the widow had homestead land remaining worth $3000.

In *Hardy* v. *Lane,* 75 Tenn. (6 Lea), 379, 380, it was held that the value and boundaries of the homestead are ascertained when it is set apart by judicial proceedings, and when it is done it is not subject to future valuation by reason of the appreciation of its value.

The commissioners appointed to set aside homestead found that the value of the whole 200-acre tract was $800. The appreciation in value to $4345 (remaining homestead land now of the value of $3000, plus the $1,345, value of the land sold) can in no way affect the widow's right to homestead in the whole.

The chancellor correctly decreed that the fund in court should be invested in other land, with title for life in the widow and remainder in the heirs of I. N. Hutcheson. This being true, the question, made with reference to the right of petitioners to collect their judgment out of that part of the fund which they conceived should go to the widow, passes out of the case.

The decree of the court of appeals must be reversed and that of the chancellor is affirmed. Petitioners will pay the costs incurred incident to the proceedings on their petition, including all of the costs incurred in the court of appeals and this court. Case remanded to chancery court for such further proceedings as may be necessary.