BURRIS *v.* McCONNELL *et al.*

(*Knoxville*, September Term, 1947.)

Opinion filed December 8, 1947.

Petition to rehear denied February 28, 1948.

490

W. E. Michael, of Sweetwater, for appellant, Daisy Burris.

Witt & Bratton, of Madisonville, for appellees, Mrs. Iva McConnell *et al.*

Mr. Justice Burnett delivered the opinion of the Court.

The original bill herein was filed by the appellees, mother and son, against the appellants, daughter and sister, for partition of a farm left the parties by the father and husband Alfred McConnell, when he died intestate in 1932.

As to whether or not the farm was divisible in kind was a controverted matter. The Chancellor determined the farm not divisible in kind and ordered a sale of the farm in two tracts. The appellant and her husband eventually became the purchasers of both tracts for $10,-000. Before the order confirming the sale was entered, an order of reference was entered ordering among other things that the Clerk and Master hear proof and determine:

"What is the interest of the complainant, Mrs. Iva McConnell, in said land and what would her said interest be worth in dollars and cents based upon her life expectancy according to the Wigglesworth Mortality Table; the parties having agreed to the use of said table?"

He reported in answer to the above quoted query:

"Mrs. Iva McConnell, as shown in Item I of this report, owns a dower and life estate in this tract of land, and taking into consideration the value, $5,000.00, as shown by the proof in this cause, and according to the Carlyle Table would be $1,347.01."

On June 5, 1946, a decree was entered confirming the sale, vesting and divesting title, fixing attorney fees and adjudging costs. This decree concluded with the following paragraph:

"Upon payment of all the costs of the cause, the Master will distribute said funds in accordance with his report on reference heretofore made and confirmed."

On September 23, 1946, the parties entered into a stipulation which provides in part as follows:

"That the said Alfred McConnell left surviving him a widow, Iva McConnell, and two children, namely, William A. McConnell and Daisy McConnell Burris. That the said Iva McConnell made application, by petition, in October, 1937, to the County Court of Monroe County, Tennessee, to have said Court to set aside her homestead and dower interest in said land, and pursuant to said application the said County Court of Monroe County did, on the 21st. day of October, 1937, by Commissioners duly appointed and qualified, set apart to her as homestead the entire 104 acres of land heretofore referred to, being the land of which the said Alfred McConnell died seized and possessed on the 1st. day of October, 1932. Said Commissioners filed a report on the 21st. day of October, 1937, showing that, in their opinion, the tract of land was of less value than $1,000.00, and that they therefore allotted the whole of said tract to Iva McConnell as homestead and allotted no dower.

"The parties hereto being in disagreement as to the amount of money to be distributed in this cause to the said Iva McConnell as the cash value of her interest in said land, and the Clerk and Master having made application to the Court for instructions in the matter of calculating the cash value of said homestead and dower of the said Iva McConnell, the parties have agreed to *this stipulation of facts* and to a submission to the Court of the question of the interest of the said Iva McConnell. It is agreed and stipulated that *this stipulation* constitutes the *entire facts necessary* for the *determination* and adjudication of the basis upon which the homestead and dower interest of the said Iva McConnell may be calculated. It is further agreed that as a part of this stipulation the parties may rely upon, and the Court may look to, all necessary and pertinent parts of the record in this

cause, particularly the portions herein referred to, and the exhibit attached to this stipulation.

"It is further stipulated and agreed that this matter may be submitted to the Court, at Chambers, in the Town of Athens, McMinn County, Tennessee, before the Honorable T. L. STEWART, Chancellor, on the 23rd day of September, 1946, at 1:00 o'clock P. M., Central Standard Time." (Italics those of the Court.)

On the day this cause was heard on the above stipulation the Chancellor entered a Chambers decree in which he found that the widow "is entitled to a life estate in the entire proceeds of the sale of said land" less costs. The amount is then calculated according to the mortality tables for one of her age and the amount fixed. A vigorous petition to rehear was filed to this decree which was denied and the cause appealed here.

 Assuming that the Chancellor had authority to act and determine the cause on this stipulation he is correct in his conclusion. This question is settled by our case of *Hutcheson* v. *Hutcheson*, 176 Tenn. 468, at page 473, 143 S. W. (2d) 886, 887, where it is said:

"*The fund realized from sale represents the land itself; it stands in place of the land.* Could it be doubted that had the Authority found it necessary to acquire the whole of the 200 acre tract, the allotted homestead right of the widow would have attached to the consideration paid therefor? We think it clear that on a sale of homestead lands, where the entire fee and homestead estate are passed by deed or decree, that the whole of the fund realized from the sale represents the homestead. . . .

"In the instant case, homestead had been set apart to the widow. Code, section 8357. When assigned, it became an absolute estate for life, with right to use or sale. *Carey* v. *Carey*, 163 Tenn. 486, 43 S. W. (2d) 498;

*Grier* v. *Canada*, 119 Tenn. 17, 107 S. W. 970. Thus the whole fund realized from the sale was impressed with the widow's homestead right." (Italics those of the Court.)

This holding is based on sound reasoning. We see no reason to in any way question what is so logically herein held. This reasoning applies to the instant case with equal force.

In the case now before us the life tenant, widow, with whole property assigned to her as homestead, joined in the bill as a party complainant asking that her interest be sold and the proceeds therefrom paid to her in gross. The Chancellor granted her request. This is proper under Code, sections 9209 and 9211.

 Assignment of errors III and IV are pressed with much force. They are:

"The Court erred in failing to hold that the interest of the complainant, having been adjudicated in this cause by a reference to the Master which was unexcepted to and unappealed from, and of which complainant had ample notice, was *res adjudicata*, could not be disturbed, and the computing of complainant's interest on the excess of the net purchase price of $5,000.00 was a clerical duty to be performed by the Master according to the principles and method already employed by him and confirmed by the Court.

"The Court erred in failing to hold that the complainant was estopped to set up any greater claim to the fund in this cause than her proportionate part as determined by the statutes and as approved by the Court in the order confirming the Master's report on reference."

We cannot agree with the propositions here stated. The Master in answering the reference found that the two children "each own a one-half undivided interest in the above described tract of land subject to the life estate,

consisting of homestead and dower of Mrs. Iva Mc-Connell, . . ." He found in answer to query three (III), as above quoted. This answer to query three (III) does not show how he arrived at the figures therein set forth. On their face they are erroneous in view of the facts here stipulated. His conclusions were based on a problematical valuation before sale. There is nothing in the report or record before us to show whether or not he knew the whole of the real estate had been assigned to her. It is definitely stipulated now that this was a fact which should be considered by the Master.

The Master was unable to determine just how he should make his computation. This being true the parties stipulated and agreed to the facts upon which this computation should be made. They agreed that the Master should have the advice of the Chancellor in making this computation, each party setting forth his theory of computation in the stipulation. As hereinbefore set forth, the Chancellor followed the correct theory under the facts which was the theory of the appellees (complainants below).

In thus acting the Chancellor was not again adjudicating something he had theretofore adjudicated at a former term. He was merely, by consent, aiding the Master in carrying out his computation. And too, it cannot be said this widow is estopped. It is true she did not aver in her bill that she owned a life estate in the whole by reason of the assignment of the land to her as homestead but the proof showed this fact as is shown by the stipulation. This being true it was the duty of the Court to make distribution according to the facts under the applicable law. It seems clear too, that the Chancellor, had the right and duty he here exercised under Code, sections 8721 and 8722. These sections are as follows:

"8721. Any court of record may, at any time within twelve months after final judgment or decree, and while the cause is still in such court, amend any clerical error, mistake in the calculation of interest, or other mistakes or omission in the judgment or decree, where there is sufficient matter apparent on the record, the papers in the cause, or entries of a presiding judge by which to amend."

"8722. Every mistake apparent on the face of the record may be corrected by the court at any term after final judgment, at the discretion of the court."

It is very obvious from what has been heretofore said that it was apparent to the Chancellor from the record and the papers on file an error had been committed. He merely rectified this from what was apparent on and in the record. Both parties were present and had notice.

For the reasons assigned all assignments are overruled and the decree below affirmed.

All concur.

### Opinion on Petition to Rehear.

Mr. Justice Burnett delivered the opinion of the Court.

The appellant has filed herein a courteous, earnest and forceful petition to rehear. With the exception of one matter, herein after commented on, this petition is a reargument of the identical facts and authorities heretofore considered.

Apparently the appellant is unable to see the applicability of *Hutcheson* v. *Hutcheson*, 176 Tenn. 468, 143 S. W. (2d) 886, 888, cited in our original opinion, to the instant case. We quoted therefrom the applicable language which is based on authority (which has been

examined by us) and sound reasoning. It is said that we missed the target and that "the crux of the *Hutcheson Case* is contained in the" following paragraph: "The chancellor correctly decreed that the fund in court should be invested in other land, with title for life in the widow and remainder in the heirs of I. N. Hutcheson."

This was done because the widow asked that it be done. She did not ask that her interest therein be sold and her *pro rata* share be paid to her as was prayed in the instant case. We do not understand that this right was ever questioned herein. In our original opinion we commented on the fact and cited the code sections under which the request was granted. Again adverting to the *Hutcheson Case* where it was said: "The commissioners appointed to set aside homestead found that the value of the whole 200-acre tract was $800. The appreciation in value to $4,345 (remaining homestead land now of the value of $3,000, plus the $1,345, value of the land sold) *can in no way affect the widow's right to homestead in the whole.*" (Italicising, that of this Court.)

We have been given no good reason nor can we think of any why the above quotation does not apply with equal force here. A specific tract of land has been assigned to the widow as homestead. This is assigned to her for life as such and whether it depreciates or appreciates in the future cannot change this specific body of land as such. If this land does appreciate and the widow desires to sell her interest as provided by statute we cannot anticipate that she will in this manner prefer one of her adult children as against another.

At the time this land was assigned to the widow by a duly constituted statutory method the commissioners who were appointed to make this appraisal and assignment determined its value at an amount within the con-

stitutional and statutory limit. We cannot herein determine that this designation of homestead is fraudulent. This designation of homestead was made nearly ten years prior to the instant suit and in an independent action.

■ In reaching the conclusion we have reached herein, we had for guidance prior decisions of this Court which we consider a precedent. These precedents find ample support in sound principle and have and do give guidance and government to individuals and the public. These principles, having been promulgated, ought not to be withdrawn or overruled unless the reasons therefor cease to exist, or are clearly erroneous or manifestly wrong. We do not so consider the determination hereof.

■ We are asked to grant a rehearing so that matters which have arisen while this case was pending in this Court and are in litigation in another court may here be considered.

For many obvious reasons this request cannot be granted. If this were done there would never be an end to a litigated case. Public policy and individual justice demands that there must be a reasonable end to all litigation. Settled practice extending during the history of the courts of this land have denied such a request.

For the reasons given the petition must be denied.

All concur.