ROBERT J. EDINGBOURGH

*v.*

SEARS, ROEBUCK AND COMPANY.

(*Nashville,* December Term, 1959.)

Opinion filed June 6, 1960.

I. H. MURPHY, Memphis, for plaintiff in error.

WALTER P. ARMSTRONG, JR., Memphis, ARMSTRONG, MC-CADDEN, ALLEN, BRADEN & GOODMAN, Memphis, of counsel, for defendant in error.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

This is a Workmen's Compensation case. The Circuit Judge dismissed the petition because (1) he considered the grounds of the demurrer filed by the defendant to be well taken, and (2) because the demurrer was not set down for argument by petitioner as required by T.C.A. sec. 20-912. The petitioner has appealed and assigns error as to each of the reasons stated.

T.C.A. sec. 20-912 provides that "a demurrer stands for argument at the term at which it is filed". *Doane et al. v. Knoxville Inv. Corp.*, 159 Tenn. 76, 84, 16 S.W.2d 186, 188, construes sec. 20-912 to mean "the first term after the demurrer is filed, and, if filed during the term, it would mean the next term".

The petition was filed on June 29, 1959. It required the defendant to appear on the first Monday in August, 1959 "to answer in an action of damages for Workmen's Compensation benefits". The first Monday in August, 1959 was August 3. It was on that date that defendant filed his demurrer. On December 11, 1959 the Minutes recite that "the motion to dispose of demurrer submitted and taken under advisement" and "the cause was this day re-set to January 4, 1960". It was on January 4, 1960 that the Court dismissed the petition on the grounds aforestated.

By Section 16-228 T.C.A. terms of the Circuit Court in Shelby County commence "on the third Mondays in January, March, May, September and November".

Since the motion to dispose of the demurrer was not submitted until December 11, 1959, it is a fact that it was not submitted for disposition during the term in which it, the demurrer, was filed, or during the next (September) term. It results that T.C.A. sec. 20-912, as that statute is construed in *Doane v. Knoxville Inv. Corp.*, supra, was not followed.

■ The decisions are to the effect that it is the duty of the complainant (petitioner here) under T.C.A. sec. 20-912 to set the demurrer down for argument within the time required by T.C.A. sec. 20-912. *Doane v. Knox-*

*ville Inv. Corp.,* supra, and *Stevens v. Brown,* 173 Tenn. 234, 116 S.W.2d 1021.

There is no bill of exceptions. The technical record does not show that the defendant moved to dismiss the petition on the ground that the demurrer was not set down for argument by petitioner within the time required by the foregoing code section. The language in the order indicates that the Court, of its own motion, dismissed the petition on that ground. This language is:

"And it further appearing to the Court that said demurrer not having been argued and disposed of at the term at which it was filed or at the first term thereafter, it is within the discretion of the Court to take said demurrer as confessed, the Court in the light of all the facts and circumstances surrounding this cause hereby exercises its discretion accordingly, and so holds."

In the case of *Stevens v. Brown,* 173 Tenn. 234, 236, 116 S.W.2d 1021, it is held that "the circuit judge likewise has discretion as to whether he will enforce section 10339" (now Section 20-912 T.C.A.) In that case the Court held this:

"In the case before us the trial judge overruled the defendant's motion to dismiss this suit because plaintiff had not properly called up the demurrer. This was within his discretion. This record contains nothing in the shape of a bill of exceptions and we do not know what facts were made to appear to the circuit judge."

As heretofore stated, in the case at bar there is no bill of exceptions. So here, as in the *Stevens v.*

*Brown,* supra, "we do not know what facts were made to appear to the circuit judge". The presumption must be that the facts and circumstances to which his order refers justified his action. Certainly in the absence of a bill of exceptions, this Court cannot otherwise presume.

■ Unless this Court is to overrule *Stevens v. Brown,* supra, it is unable to hold that the Circuit Judge erred when, in the exercise of his discretion, he dismissed the petition for failure to comply with T.C.A. sec. 20-912. The power of this Court to overrule a former decision is very sparingly exercised and only when the reason is compelling. *Fargason Co. v. Ball,* 128 Tenn. 137, 141, 159 S.W. 221, 50 L.R.A., N.S., 51; *Burris v. McConnell,* et al., 185 Tenn. 489, 498, 206 S.W.2d 894, 208 S.W.2d 331, 6 A.L.R.2d 509. No such reason here appears. Accordingly, the assignment of error directed at this action of the Trial Court must be rejected.

Since the foregoing ruling is conclusive of this case, the assignments of error directed to the action of the Court in re the demurrer will be pretermitted.

Affirmed with PREWITT, CHIEF JUSTICE, not participating. Costs adjudged against the plaintiff-in-error.