Thomas R. YARBRO et al., Appellees,

v.

Cherry T. EASLEY and Lucille A. Easley, Appellants.

Court of Appeals of Tennessee, Western Section.

Sept. 12, 1974.

Certiorari Denied by Supreme Court May 27, 1975.

Petition to Rehear Denial Denied Aug. 4, 1975.

M. Watkins Ewell, Jr., Ewell & Farmer, Dyersburg, for appellant Lucille A. Easley.

James H. Boswell, Jackson, for appellant Cherry T. Easley.

Barrett Ashley, Ashley, Ashley & Lawson, Dyersburg, for appellees.

MATHERNE, Judge.

The plaintiffs, owners of a life estate and a 8/126 undivided interest in remainder subject to the life estate in about 575 acres of land in Dyer County, Tennessee, filed this lawsuit to sell the land for partition. The trial judge ordered the land sold, and at the sale the plaintiffs were the purchasers at the price of $1,025,000, paying $297,250 in cash and giving two promissory notes, each in the sum of $256,250, and one final promissory note in the sum of $215,250, payable one, two and three years from date, bearing interest at the rate of 7½ percent per annum, secured by a deed of trust on the land.

After confirmation of the sale, the plaintiffs moved the value of their life estate be determined and that amount be paid to them in gross from the proceeds of the sale, and the balance of the purchase price be paid to the remaindermen as their interests appeared. The defendants, owners as tenants in common of undivided interests in the land subject to the life estate, moved the net proceeds of the sale be invested and

the income be paid to the life tenants for the duration of the life estate and then the corpus of the entire fund be paid to the remaindermen as their interests appear.

The 575 acre tract was assigned as dower to Mayme Bryan Greer out of her husband's estate. Upon being so assigned, it became an estate for life which would terminate upon the death of Mrs. Greer, and it was subject to use or to sale. *Springfield v. Stamper* (1948) 31 Tenn.App. 252, 214 S.W.2d 345; *Burris v. McConnell* (1947) 185 Tenn. 489, 206 S.W.2d 894.

The plaintiffs allege that by deeds dated August 17, 1972, they each purchased a 1/126 undivided interest in remainder subject to the life estate of Mrs. Greer. By deed dated October 9, 1972, and recorded the same date, the plaintiffs purchased the life estate of Mrs. Greer. On October 19, 1972, the plaintiffs filed this lawsuit for a sale of the fee for partition. During the progress of the proceeding the plaintiffs purchased other undivided interests in remainder, and the trial judge found the plaintiffs each own a 31/378 undivided interest in remainder.

On July 2, 1973, the date of the order confirming the sale, Mayme Bryan Greer was 75 years, 9½ months of age. The trial judge found she had a life expectancy of 9.43 years. Based upon a certain mortality table at 7½ percent interest, and evidence of the health, vigor and general well-being of Mrs. Greer, the trial judge found the life estate to be worth 48.285 percent of the net proceeds of the sale. The trial judge sustained the motion of the plaintiffs and ordered that percentage of the net proceeds of the sale be paid to them and the balance paid to the remaindermen. The trial judge overruled the motion of the defendant remaindermen.

The defendant Cherry T. Easley, owner of a one-half undivided interest in remainder, and the defendant Lucille A. Easley, owner of a one-sixth undivided interest in remainder, appeal the decision of the trial judge and present two basic issues:

(1) Whether the trial court, at the request of the owners of the life estate, properly decreed that the value of the life estate be paid over in gross out of the proceeds of the sale.

(2) Whether the trial judge used the correct method of valuing the life estate.

The plaintiffs argue that under our statutes governing the sale of land for partition the trial court had authority to order the sale of the fee because the plaintiffs as the owners of the life estate consented thereto by the filing of the complaint. The plaintiffs cite T.C.A. § 23–2135 as authority.

█ Under the facts of this lawsuit wherein the plaintiffs own the entire life estate and they also own as tenants in common a ³⁄₁₂₆ undivided interest in remainder subject to that life estate, the plaintiffs could force a sale of the fee for partition. See and compare: *Rutherford v. Rutherford* (1906) 116 Tenn. 383, 92 S.W. 1112; *McKnight v. McKnight* (1908) 120 Tenn. 431, 115 S.W. 134; *Holt v. Hamlin* (1908) 120 Tenn. 496, 111 S.W. 241; *Jordan v. Jordan* (1922) 145 Tenn. 378, 239 S.W. 423; *Burris v. McConnell, supra.*

Having concluded the fee could be sold for partition, we have the following statute which sets out how the net proceeds of the sale may be handled:

> "T.C.A. § 23–2137. *Payment for life estate.*—When such interest is sold, the value thereof may be ascertained and paid over in gross, or the proper proportion of the fund invested, and the income paid over to the party during the continuance of the estate."

█ The plaintiffs insist the above statute is mandatory, and upon request of the life tenant the value of his life estate must be paid over to him in gross from the net proceeds of the sale. We disagree with that interpretation of the statute.

The plaintiffs rely upon *Summers Ex'r v. Donnell et al.* (1872) 54 Tenn. 565, and *Burris v. McConnell, supra*, as supporting their views.

In *Summers, Ex'r*, the widow had dissented from her husband's will and was assigned as dower one-third of a storehouse, that being the only realty owned by the testator. The executor filed a bill suggesting the insolvency of the estate and prayed the fee in the storehouse property be sold and a gross sum out of the proceeds be paid the widow in accordance to the value of her life estate. The widow answered, not resisting the sale, but insisting that it be sold subject to her right of dower in the property. The Chancellor ordered a sale of the fee and required the widow to take a sum in gross as her dower in the property. The Court held this to be error. The right of the widow to the use and enjoyment of a one-third of the annual rent of the storehouse was vested and superior to the claims of creditors. Her election to take the equivalent of use and occupation (one-third of the annual rental), or to take a sum in gross in lieu thereof, could not be interfered with. We conclude the *Summers, Ex'r* case is not in point on the facts with the case at bar, and it is not authority for the interpretation of T.C.A. § 23–2137, as sought by the plaintiffs.

The *Burris* case is much closer to the case at bar. There a widow joined with one child as complainants and petitioned for the sale of a farm which had been allotted to the widow as homestead and for payment to the widow of the value of her homestead interest in gross from the proceeds of the sale. The Court held the homestead having been set apart to the widow it became an absolute estate for life, with right to use or sale. And, the entire fund realized from the sale was impressed with the life estate. The Court affirmed the Chancellor's holding that the widow's interest be calculated as a life estate in the entire proceeds of the sale, less costs.

In the case at bar, the plaintiffs clearly set out to purchase the 575 acre tract of

land. They first acquired an undivided interest in remainder subject to the life estate, and then purchased the life estate. We do not hold the procedure, absent fraud, is illegal or prohibited by law. We hold a party may by following this procedure purchase the right to force a sale of the fee. The question which troubles this Court is whether a party should by that procedure be allowed to purchase the right to deprive his cotenants in remainder of their property.

We first conclude T.C.A. § 23–2137 does not mandatorily require the consenting life tenant's estate be valued and paid to him in gross from the proceeds of the sale. That statute clearly states this "may" be done, "or" the proceeds be invested and the income paid to the life tenant for the duration of the estate. If the consent to the sale by the life tenant as required by T.C.A. § 23–2135 is conditioned to the requirement that he be paid the value of his estate in gross, that result would normally be decreed. We find, however, a vast difference between a life tenant consenting to a sale of the fee by one or all of the remaindermen (Burris case), as distinguished from a remainderman acquiring the life estate for the purpose of forcing a sale of the fee upn his cotenants in remainder.

■■ Admittedly, a tenant in common may enforce a sale of land jointly held for partition. T.C.A. § 23–2128; *Medley v. Medley* (1969) 61 Tenn.App. 331, 454 S.W.2d 142. A tenant in common may, absent fraud, purchase the fee at the partition sale. *Davis v. Solari* (1915) 132 Tenn. 225, 177 S.W. 939. And, a tenant in common in vested remainder may force a sale of the remainder interest for partition. T.C.A. §§ 23–2126 and 23–2127; *Bierce v. James* (1889) 87 Tenn. 538, 11 S.W. 788.

■ After considerable research we fail to find a reported Tennessee opinion on the question presented in this lawsuit. We do have, however, the equitable principle that one tenant in common cannot buy in the common property at a tax sale, or foreclosure sale, or buy in an outstanding title or other overhead claim, except for the benefit of all. *Perkins et al. v. Johnson* (1942) 178 Tenn. 498, 160 S.W.2d 400, and the authorities therein cited. The reasoning behind this rule is that tenants in common are placed in a confidential relationship to each other by operation of law, so that the same duties are imposed as if a joint trust had been created by contract between them, or by the act of a third party, so that ordinarily, nothing else appearing, each will be considered a trustee for the others, and held not competent to acquire antagonistic rights in the common property as against the others. *Tisdale v. Tisdale* (1855) 34 Tenn. 596; *Williams v. Jones* (1963) 54 Tenn.App. 189, 388 S.W.2d 665.

There are exceptions to this general rule as where one heir redeems the land sold for the debt of an ancestor under facts where the other heirs by clear and unequivocal acts consented to the redemption, refused to join in, and advised the heir to do so in his own name and for his own benefit, *Saunders v. Woolman & Co.* (1881) 75 Tenn. 300; and, where one tenant in common mortgages his undivided interest to another tenant in common, the mortgagee may purchase at the foreclosure sale, *Hall v. McReynolds et al.* (1944) 181 Tenn. 515, 181 S.W.2d 761; and, where the tenant in common purchases or redeems land under circumstances which are antagonistic and contrary to all idea of a trust, *King et al. v. Rowan et al.* (1873) 57 Tenn. 675. None of these exceptions, however, remove the rule from the case at bar.

■ Even though the plaintiff tenants in common in remainder purchased the life estate for their own benefit and were thereby entitled to force a sale of the fee for partition, we hold they are not in equity and good conscience entitled to the value of the life estate in gross from the proceeds of the sale. It is by this attempt to convert

the life estate into its cash value that the plaintiffs run afoul of the rule above noted from the *Tisdale*, *Perkins*, and *Williams* cases. The amount paid and the amount they would receive for the life estate and the resulting profit or loss is of no significance. The essence of the matter is that the plaintiff tenants in common in remainder cannot breach the trust imposed by law upon them by converting the life estate into a gross sum to the possible detriment of their cotenants in remainder.

We conclude the rule to be that where a party purchases an undivided interest in remainder and then purchases the life estate to which the remainder is subject, that party can force a sale of the fee for partition, but he cannot have the value of the life estate paid to him in gross from the proceeds of the sale, unless agreed to by his cotenants in remainder.

It results the decree of the trial court is reversed, and a decree may be entered in this Court that the entire net proceeds of the sale of the 575 acre tract of land be placed at interest by the trial court, and all interest so collected be paid over to the plaintiffs for the duration of the life estate, and upon the death of Mayme Bryan Greer, the corpus of the fund be paid over to the owners of the remainder estate as their interest may appear.

It results we need not consider the manner in which the trial judge valued the life estate.

The cause is remanded to the Law and Equity Court of Dyer County, Tennessee, for the purpose of carrying out the decree to be entered in this Court. The cost of this appeal is adjudged against the appellees.

CARNEY, P. J., and NEARN, J., concur.