A. M. MILLER *et ux. v.* W. J. KENDRICK.

(*Knoxville.* September Term, 1925.)

APPEAL AND ERROR. Finding of court of appeals and of chancellor,
upholding certain settlements pleaded in suit for accounting, can-
not be reviewed by supreme court, because such courts differed as to
which party had burden of proof (Acts 1925, chapter 100, section 12;
Acts 1907, chapter 82).

Finding of court of appeals and of chancellor, upholding certain settle-
ments pleaded in suit for accounting, cannot be reviewed by su-
preme court, in view of Acts 1925, chapter 100, section 12, pro-
hibiting review of concurrent findings of lower courts, notwith-
standing that chancellor believed burden of proof was on plaintiffs,
while court of appeals placed it on defendant; Acts 1907, chapter
82, creating court of civil appeals, not being applicable.

Acts cited and construed: Acts 1907, ch. 82; Acts 1925, ch.ʲ 100.

Cases cited and approved: Peevey v. Buchanan, 131 Tenn., 24; State
ex rel. v. Lee, 124 Tenn., 385.

---

FROM SULLIVAN.

---

Appeal from the Chancery Court of Sullivan County
to the Court of Civil Appeals, and by *certiorari* to the
Court of Civil Appeals from the Supreme Court.—HON.
H. T. CAMPBELL, Special Chancellor.

A. C. KEEBLER and BACHMAN & BROWN, for Miller and
wife.

Burrow & Burrow and H. G. Peters, for Kendrick.

Mr. Chief Justice Green delivered the opinion of the Court.

This was a suit for an accounting. The defendant pleaded two written settlements. The bill was dismissed by the chancellor, and this decree affirmed by the court of appeals. Both of the lower courts upheld the settlements which were attacked.

It is insisted by the defendant that this is a concurrent finding, which precludes this court from any investigation of the facts. The complainant urges that there is no concurrent finding.

The chancellor expressed the opinion that the burden of proof was upon the complainant, impeaching the settlements, to show the invalidity thereof, and he found that the complainant had not carried this burden. The court of appeals was of opinion that the suspicious appearance of these papers shifted the burden of proof, and required the defendant to show their validity. *Peevey* v. *Buchanan,* 131 Tenn., 24, 173 S. W., 447.

It is therefore submitted by the complainant that, inasmuch as the chancellor and the court of appeals applied different rules in weighing the evidence, there was no concurrence in their findings. This argument would doubtless have been good as to a finding of the court of civil appeals and the finding of the chancellor.

Chapter 82 of the Acts of 1907, creating the court of civil appeals, did not make the finding of facts by that court in chancery cases conclusive upon this court. Beginning with *State ex rel.* v. *Lee,* 124 Tenn., 385, 136 S. W., 997, and through a line of cases, this court held that

a concurrent finding of the court of civil appeals and of the chancellor was conclusive here, if there was any evidence to sustain it. This, however, was a mere rule of practice.

By chapter 100, Acts of 1925, creating the court of appeals, it was provided, section 12, that to the extent that the findings of the chancellor and court of appeals concur, they should, if there was evidence to support them, be conclusive upon this court, "but to the extent that they do not concur they shall be open to examination in that [supreme] court."

It follows, from this provision of the act of 1925, that a conflict in the findings of the chancellor and of the court of appeals must appear before this court is permitted to question a finding of fact made by the latter court. The act contemplates specific findings by each court on the controverted issues of fact, and a review of the facts by this court is only permissible to the extent that the findings of the lower courts are shown by the record to be contradictory.

In the case before us the chancellor found that the evidence did not preponderate against the validity of the settlements. The court of appeals found that the evidence preponderated in favor of the validity of the settlements. The chancellor may have thought that proof was in equipoise, or he may have thought the preponderance was as found by the court of appeals, and expressed his finding in this negative way. There is no affirmative showing of a conflict in the findings of the two courts upon this issue of fact, and we cannot accordingly review the finding of the court of appeals.

Petition for *certiorari* is accordingly denied.