## C. L. BRAY, *v.* BLUE RIDGE LUMBER COMPANY.*

## (*Knoxville.* September Term, 1926).

Opinion filed November 20, 1926.

1. **PETITION FOR CERTIORARI. Concurrent findings of chancellor and Court of Appeals. Practice, Supreme Court.**

Acts of 1925, chapter 100, sec. 12, provides that to the extent the finding of the chancellor and Court of Appeals concur, they shall, if there be any evidence to support them, be conclusive upon any review of the facts by the Supreme Court. (Post, p. 344.)

Citing: Acts 1925, ch. 100, sec. 12; Acts 1907, ch. 82; State v. Lea, 124 Tenn., 386; Black v. State, 130 Tenn., 528; Potts v. Coffman, 146 Tenn., 283.

2. **PETITION FOR CERTIORARI. Practice. Supreme Court.**

The petition must present matter for review, to enable the Supreme Court to determine whether writ should be granted, not to be supplied by reference to the record or any other paper. (Post, p. 344.)

Citing: Acts 1925, ch. 100, sec. 14; Nashville v. Patton, 125 Tenn., 351; Acts 1907, ch. 82.

3. **COURT OF APPEALS. Jurisdiction. Certiorari.**

The Court of Civil Appeals is a court of review and final determination, except upon petition for certiorari presenting, (1) errors of law, (2) errors of fact where there is a non-occurence between the Court of Civil Appeals and the trial court, or, (3) concurrence without any evidence to support the conclusion. (Post, p. 344.)

Citing: Acts 1925, ch. 100.

---

*Headnotes 1. Certiorari, 11 C. J., section 364; 2. Certiorari, 11 C. J., section 142.

FROM LOUDON.

Appeal from Chancery Court of Loudon County, to Court of Appeals, by *certiorari* to Supreme Court—writ denied.—HON. HAL E. PORTRUM, Chancellor.

McTEER, KRAMER & QUINN, BOWEN & BOWEN and S. P. DANNEL, for defendant appellant.

BAILEY & YOUNG, for plaintiff appellee.

MR. JUSTICE COOK delivered the opinion of the Court.

The complainant sued to recover for lumber. Payment was refused and liability denied for non-delivery as required by the contract, thus presenting an issue of fact. The Chancellor and the Court of Appeals concurred, holding that delivery was made according to the contract and gave judgment which the defendant seeks to review upon *certiorari* to the Court of Appeals.

If the petition was sufficient the writ could not be granted, because the single error assigned challenges facts found by the Chancellor and the Court of Appeals supported by evidence. Chapter 100, section 12 of the Acts of 1925 provides that to the extent the findings of the Chancellor and Court of Appeals concur, they shall, if there be any evidence to support them, be conclusive upon any review of the facts by the Supreme Court. Chapter 82, Acts of 1907, contained a similar provision, and under it the concurrent findings was held conclusive upon petition for *certiorari* to the Court of Civil Appeals.

*State* v. *Lea,* 124 Tenn., 386; *Black* v. *State,* 130 Tenn., 528; *Potts* v. *Coffman,* 146 Tenn., 283.

The petition presents no matter for review. Section 14, chapter 100, Acts of 1925, requires that the petitioner shall state the substance of the case to be decided. In *Nashville* v. *Patton,* 125 Tenn., 361, referring to the practice under a similar provision of chapter 82, Acts of 1907, creating the Court of Civil Appeals, it was said that the petition must within its four corners present a case which will enable the Supreme Court to determine whether the writ should be granted, and that omitted statements of fact and errors alleged could not be supplied by reference to the record or to any other paper.

The petition states that the bill was filed to recover the contract price of lumber, and that the Chancellor gave complainant a decree which was affirmed by the Court of Appeals; and petitioner avers, for reasons stated in the brief and assignments of error, that the judgment of the Court of Appeals was erroneous. The petition does not present the substance of the case to be decided from which the court may determine whether the writ should be granted.

By chapter 100, Acts of 1925, the Court of Appeals is a court of review and final determination, except upon petition for *certiorari* presenting (1) errors of law, (2) errors of fact where there is a non-concurrence between the Court of Appeals and the trial court, or (3) concurrence without any evidence to support the conclusion. Writ denied.