Perkins *et al. v.* Johnson.

(*Knoxville,* September Term, 1941.)

Opinion filed April 4, 1942.

E. E. GARLAND, of Mountain City, for appellant.

H. A. DONNELLY, of Mountain City, for appellees.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

The bill in this case was filed to set aside, or in the alternative to obtain a construction of a tax deed made to defendant Elizabeth Perkins Johnson. A demurrer

was interposed, based on grounds hereafter considered, which was overruled by the chancellor and the defendant permitted to appeal.

It appears from the bill that the land was sold to defendant in a tax suit on August 15, 1931, and the sale was confirmed at the November, 1931, term of the Chancery Court of Johnson County. Defendant obtained a deed on September 22, 1941.

The complainants aver in the bill that they together with defendant are the only children and heirs at law of Frank Perkins who died intestate in the year 1916. Their mother, the widow of Frank Perkins, still survives. Frank Perkins was the owner in fee simple of the land here involved, sold for taxes and deeded to the defendant.

Complainants allege that they knew nothing about the tax sale, had not heard of the same until shortly after the defendant obtained her aforesaid deed in September, 1941. They allege that their mother had been in possession of the tract of land since their father's death, she claiming it, as we understand the bill, by way of homestead and dower. As such life tenant, the bill sets out that the mother was responsible for the taxes, and we take the bill to mean that complainants believed their mother had paid the taxes up to 1931. Since that time complainants aver that they themselves have paid the taxes.

We think the chancellor properly sustained the bill as one to impress a trust upon the land purchased by defendant in favor of complainants and defendant as heirs of their father, and as tenants in common, subject to their mother's life estate.

The general rule is that tenants in common "cannot buy in the common property at a tax sale, or fore-

closure sale, or buy in an outstanding title or other overhead claim, except for the benefit of all. This is the doctrine of *Tisdale* v. *Tisdale*, 34 Tenn. (2 Sneed), 596, 64 Am. Dec. 775; *Williams* v. *Gideon*, 54 Tenn. (7 Heisk.), 617; *Sharp* v. *Williams*, 1 Shannon Cas., 76; *Saunders* v. *Woolman & Co.*, 75 Tenn. (7 Lea), 300; *Harrison* v. *Winston*, 2 Tenn. Ch., 544; *Watson* v. *Ryan*, 3 Tenn. Ch., 40.'' *Davis* v. *Solari*, 132 Tenn., 225, 177 S. W., 939.

The reasons for this rule are thus stated in *Tisdale* v. *Tisdale*, 34 Tenn. (2 Sneed), 596, 64 Am. Dec., 775:

''Tenants in common by descent, are placed in a confidential relation to each other, by operation of law, as to the joint property, and the same duties are imposed as if a joint trust were created by contract between them, or the act of a third party. It may be different, where they claim title by distinct purchases, even of the same original title, but that is not the case before us. Being then interested with, and for each other, in the property, each one is prohibited from acquiring rights in it, antagonistic to the others. 1 White & Tudor, 53. Being associated in interest as tenants in common by descent, an implied obligation exists to sustain the common interest. This reciprocal obligation will be vindicated and enforced in a court of equity, as a trust. These relations of trust and confidence bind all to put forth their best exertions, and to embrace every opportunity to protect and secure the common interest, and forbid the assumption of a hostile attitude by either; and therefore, the purchase by one of an outstanding title, or an incumbrance upon the joint estate, in his own name, will enure to the equal benefit of all, but they will be compelled to contribute their respective ratios of the consideration actually given.''

502

As noted in *Davis* v. *Solari, supra,* there are some exceptions to this rule resulting from agreements between the tenants in common with respect to the purchase by one of them at a tax sale. We find no such exceptional circumstances in the case before us. As above stated, the complainants say that they knew nothing about the tax sale.

The defendant's demurrer rests upon three grounds, these grounds being based on sections 1609, 1610 and 1611 of the Code.

Section 1609 provides that a tax deed of conveyance shall be an assurance of perfect title to the purchaser of land and no conveyance shall be invalidated in any court except by proof that the land was not liable to sale for taxes or that the taxes for which the land was sold had been paid before said sale.

The answer to this ground of demurrer is that the bill as construed is not an effort to invalidate the tax conveyance. It is merely an effort to construe the deed which witnesses that conveyance and to have declared the beneficiaries of such deed.

Section 1610 provides that no suit to invalidate the tax title to land shall be brought after three years from the time of the sale, except by persons under disability, who shall have a year after such disability is removed. This section of the Code is inapplicable for the same reason that section 1609 does not apply.

Section 1611 provides that no invalidation suit shall be brought until the party suing shall have paid or tendered to the clerk of the court where the suit is brought the amount of the bid and all taxes subsequently accrued with interest and charges. Again we observe

that the present suit is not one to invalidate a conveyance and section 1611 is inapplicable.

The authority of the cases hereinbefore cited as to the trust relation existing among tenants in common is recognized by counsel for defendant but he insists that the Code sections referred to taken from chapter 136 of the Acts of 1929 were designed to change the old law. We are unable to agree to this contention. We cannot ascribe to the lawmakers in the passage of the Act of 1929 any intention to relieve fiduciaries of the duties imposed upon them by law.

For the reasons stated we think the chancellor properly overruled the demurrer. The defendant is entitled to a lien upon the land for the amount of money advanced by her to buy in the land at the tax sale together with interest from that date.

The costs of appeal will be paid by the defendant. The cause will be remanded to the Chancery Court of Johnson County for further proceedings and the costs of that court will be taxed by the chancellor.