HYDAS et al. v. JOHNSON et al.   No. 3.—187 S. W. (2d) 534.

Eastern Section.   November 14, 1944.

Petition for Certiorari denied by Supreme Court, May 5, 1945.

Chas. H. Neighbors, of Chattanooga, for appellants.

L. F. Wilkerson, of Chattanooga, for appellees.

McAMIS, J. This is a suit for partition of twenty acres of land located in Hamilton County in which D. J. Hensley and wife Mary Hensley, both deceased, each owned an undivided one-half interest. The parties are all children of D. J. and Mary Hensley, except the complainant Hazel Hensley who is an only child of a deceased son. The principal defendant is Willie Hensley who claims title by adverse possession of the one-half interest owned by D. J. Hensley, deceased, and the other one-half under the will of his mother.

The proof shows that D. J. Hensley and wife purchased the property in 1917 and, under the law as it existed at that time, each acquired an undivided one-half interest. D. J. Hensley died intestate in 1921 survived by his widow and children. The widow and the defendant Willie Hensley continued to occupy the property until the death of Mary Hensley in 1929. Mary Hensley left a will giving to her son Willie Hensley all her personal property and all "my interest in the real estate or other real estate that I should have at my death" and describing the twenty acres here involved. The use of the term "interest" indicates, or tends to indicate, that the testatrix did not undertake to dispose of the whole estate but only her undivided one-half interest and, for this reason, it is some-

what doubtful whether the will could serve as color of, title but, in our view of the case, this question is not material.

After the death of Mrs. Hensley there is no question but that Willie Hensley owned a one-half interest in the property under the terms of her will and an equal share with the other children in the one-half interest of his father and it results that a cotenancy has existed throughout the period of alleged adverse possession.

The facts as to the adverse possession of the property by Willie Hensley simply show that after the death of the mother he continued to reside on the property, farming it a part of the time and renting it for a short period. There is no proof that Willie Hensley ever brought home to the other co-tenants that he was claiming to hold it adversely and, in fact, the proof indicates that all of the parties were of opinion the deed of 1917 created an estate by the entirety with the result that Mary Hensley became seized and possessed of the entire property upon the death of her husband and the parties all seem to have assumed that the will was sufficient in terms to devise the entire property to Willie Hensley. This assumption as to the title and perhaps the fact that the property was of small value doubtless accounts for the fact that no question was made by any of the parties as to the title until shortly before the filing of the bill in this case.

Our cases of Gates v. Butler, 22 Tenn. 447; Kirkman v. Brown, 93 Tenn. 476, 27 S. W. 709; and Buchanan v. Nixon, 163 Tenn. 364, 43 S. W. (2d) 380, 80 A. L. R. 151, deal with adverse possession based upon a mistake as to the location of boundary lines, but we do not have a case dealing with adverse possession growing out of or resulting from a mistake as to the title of the adverse

claimant. Nor have we found a case dealing directly with this question.

It is said possession may be so far hostile as to ripen into title by limitation where possession is under a mistake as to the legal meaning or effect of a conveyance. 2 C. J. S., Adverse Possession, sec. 84, p. 631. However, the cases cited in the footnote afford no satisfactory basis for determining the extent of possession or the degree of hostility to confer title by limitation. Moreover, we are dealing in this case with a contest between cotenants as between whom a certain trust relationship exists.

We begin with the principle that tenants in common are jointly seized of the entire estate, each having an equal right of entry and possession, and the possession of one is regarded as the possession of all until a disseizen of the others by actual ouster. Story v. Saunders, 27 Tenn. 663; Marr's Heirs v. Gilliam, 41 Tenn. 488; Hubbard v. Wood's Lessee, 33 Tenn. 279; King v. Rowan, 57 Tenn. 675; Drewery v. Nelms, 132 Tenn. 254, 261, 177 S. W. 946.

The presumption is against adverse possession between privies and the possession of one tenant being consistent with the rights of the others, and in support of their common title, the statute of limitations must be strictly construed in favor of the cotenant not in possession. Hubbard v. Wood's Lessee, 33 Tenn. 279; Drewery et al. v. Nelms, supra.

In Drewery v. Nelms, supra, it was held that the mere silent, sole occupation by one cotenant of the entire property though claiming the whole estate and appropriating all the rents without notice to his cotenants is insufficient to establish adverse possession and that there must be actual notice of a claim of sole ownership or other posi-

tive and unequivocal acts which by their nature put the other cotenants on notice that they are excluded from possession.

In this case, as in Drewery v. Nelms, the defendant merely occupied the property, appropriating the rents, and sold a small amount of timber valued at $12 without any question arising as to his ownership. Does the circumstance that the parties mistakenly thought he owned the entire property by virtue of the will of his mother afford a distinction between that case and this? We think not. There was no notice to complainants of a hostile possession by defendant to arouse them to active investigation and assertion of their rights and it is this which the law requires before the cotenant's presumptively friendly possession can be converted into one of a hostile character. Defendant has not shown that he has been injured by complainants' failure to assert their rights. On the contrary, he has had the full use of the property and, under the Chancellor's decree, he has been exonerated of any liability to account for rent and profits during his occupancy. Under the circumstances, we do not see that there has been any conscious acquiescence on the part of complainants and are of opinion the Chancellor was correct in not dismissing the bill because of laches based wholly upon the lapse of time.

The assignments must be overruled and the decree of the Chancellor in all respects affirmed. Costs, including costs of appeal, will be adjudged against appellant Willie Hensley, and the cause remanded for the reference ordered by the Chancellor.

Hale and Burnett, JJ., concur.