Lizzie B. Moore,

*v.*

Edna Harris Cole, et al.

(*Jackson,* April Term, 1955)

Opinion filed April 5, 1956.

Rehearing Denied April 27, 1956.

Saul Kay, Green, Calhoun, Herring & Phelan and Jack Clemons, Memphis, for petitioner.

Campbell Yerger, Memphis, for respondent.

MR. JUSTICE BURNETT delivered the opinion of the Court.

This is a suit to quiet title to a tract of land in Memphis, Tennessee, consisting of a house and lot which has at all times, pertinent hereto, been rented to tenants of R. D. or Robert Casey. The question arises by reason of the fact that one Eva B. Casey conveyed the property in question to Lizzie B. Moore and after this conveyance, the petitioners here who were the defendants in the Chancery Court apparently raised the question that they were entitled to a one-half interest in the property and thus Lizzie Moore who was joined by Eva Casey filed the present suit. The Chancellor found in favor of the defendants, petitioners here, that is, that they owned a one-half undivided interest in the property. On appeal the Court of Appeals reversed. A petition for *certiorari* has been filed and with it an able brief in support thereof as well as a responding brief. The petition was granted and we have heard argument and now have the matter for disposition.

The title to lots 68 and 69, Block 7, Trigg Avenue Place Subdivision, Memphis, Shelby County, Tennessee, which property is improved by a dwelling known as 1439 Greenwood Street, Memphis, Tennessee is involved. On January 14, 1914, the property was conveyed by warranty deed from one E. E. Meachum and son to R. D. Casey and Elizabeth Casey without any recitation as to their status. This deed was filed for record on February 4, 1915. At that time the two Caseys were husband and wife. Elizabeth Casey died July 24, 1927, and this contest is between her heirs and those subsequently claiming the title under conveyances from Eva Casey who

was a second wife of R. D. Casey, R. D. Casey having married her about a year after Elizabeth Casey died.

■ Of course between the period of January 1, 1914 and April 15, 1919, the property acquired by a husband and wife upon the death of either descended to the heirs of the one who died. During that period the doctrine of tenancy by the entireties was not in force in this State; thus under the law as it existed in January 1914, when Elizabeth Casey died without any further conveyance having been made, her undivided one-half interest, which she received by deed, descended to her heirs.

■ On March 7, 1941, Robert Casey and his then wife Eva B. Casey executed a warranty deed to the property in question to Lula Williamson, which deed was duly and immediately recorded in the Register's Office of Shelby County, Tennessee, on the following day to wit: March 8, 1941. Immediately thereafter, Lula Williamson executed a warranty deed to Robert Casey and Eva B. Casey which was filed for record on that same day in the Register's Office of Shelby County, Tennessee. Robert Casey died in 1950 and left a will in which he devised the property in question to his wife Eva B. Casey "in fee simple". The two courts have concurred in finding that the parties for many years, on up until shortly before the institution of suit here, believed that Robert Casey owned the property in question. The Courts likewise concurred in finding that the purpose of the deed last above mentioned, which was executed on March 7, 1941, from Casey to Williamson and back, was executed for the purpose of effecting a tenancy by the entireties between Robert Casey and Eva B. Casey, his wife. Such holding and the finding that the evidence does not preponderate against the decree of the lower court is in

effect a concurrence of the two Courts thus precluding our review of the facts. *Bray v. Blue Ridge Lumber Co.,* 154 Tenn. 342, 289 S.W. 504; *Miller v. Kendrick,* 153 Tenn. 596, 598, 285 S.W. 51. Under the law as it now exists in this State such a conveyance creates an estate by the entireties. *Taul v. Campbell,* 15 Tenn. 319, 27 Am. Dec. 508.

█ Tenants in common are jointly seized of the whole estate, each having an equal right of entry and possession, and the possession of one is regarded as the possession of all until a disseizin of the others by actual ouster. *Story v. Saunders,* 27 Tenn. 663; *Marr's Heirs v. Gilliam,* 41 Tenn. 488; *Hubbard v. Wood's Lessee,* 33 Tenn. 279; *King v. Rowan,* 57 Tenn. 675; *Drewery v. Nelms,* 132 Tenn. 254, 261, 177 S.W. 946.

██ In other words if the property is owned by tenants in common and one tenant is in possession of the property this tenant in common, who is in possession, is duty bound to look after the property and treat and care for it on behalf of himself and his cotenants and he "cannot buy in the common property at a tax sale, or foreclosure sale, or buy in an outstanding title or other overhead claim, except for the benefit of all." This is the doctrine of *Tisdale v. Tisdale,* 34 Tenn. 596, 64 Am.Dec. 775, and many subsequent cases. The doctrine there stated by Judge Caruthers has become a landmark in the law of trusts as well as the rules governing tenants in common looking after the property of their cotenant out of possession. Probably the latest case on the question is *Perkins v. Johnson,* 178 Tenn. 498, 160 S.W.2d 400. If a tenant in common with another intends to try to take the property away from his cotenants, out of possession, he must either give them actual or construc-

tive notice that he is disavowing their interest in the property. He may do this where he gives notice and then he performs any overt, notorious or unequivocal act showing that he is attempting to claim the whole property. When he does this the statute of adverse possession would run against the tenant out of possession. In the instant case the Court of Appeals held that the making of the warranty deed to Lula Williamson and she in turn making the deed back to Casey and his new wife in 1941 was such notice to their heirs of Elizabeth Casey of a hostile possession by R. D. Casey and Eva B. Casey to arouse them to an active investigation and assertion of their rights, and that since they did not assert any claim for more than seven years that thus Eva B. Casey, by virtue of the seven-year statute, Williams' Annotated Code, sec. 8582, T.C.A. sec. 28-201, acquired good title to the property and ousted the heirs of Elizabeth Casey, deceased.

In *Hood v. Cravens,* 31 Tenn.App. 532, 218 S.W.2d 71, 73, it is said:

"Where a tenant makes a deed purporting to convey the land to another, or where a tenant in common makes a deed purporting to convey the entire estate in the land, this amounts to an actual ouster and disseizin which the landlord or the cotenant is bound to notice. *Doak v. Donelson's Lessee,* 10 Tenn. 249, 254, 24 Am. Dec. 485; *Weisinger v. Murphy,* 39 Tenn. 674, 679; *Jones v. Mosley,* —— Tenn.App. ——, 198 S.W.2d 652, 655."

■ That Court then quotes from *Weisinger v. Murphy, supra,* to the same effect. It being the same quotation used as authority in the instant case by the Court of Appeals. Both quotations are misleading. A reading

of the cases shows without question that the tenant in possession conveyed to a third party "who immediately took possession, and have held it ever since, claiming the entire and whole interest in said land as their own." *Weisinger v. Murphy, supra.* These cases clearly come within the rule, "that where one of several cotenants conveys the joint estate by an instrument purporting to vest the fee to the entire property in the grantee, *and the latter enters,* asserting open and exclusive ownership thereof, in severalty, the cotenant not conveying is deemed to be ousted, and, on the termination of the statutory period, title by adverse possession becomes vested in the grantee." 27 A.L.R. 8, 10.

The question then is whether or not the conveyance by the Caseys to Williamson in 1941 and the reconveyance to them and the recordation of this deed to R. D. Casey and Eva B. Casey, as husband and wife, is a sufficient notice to start the running of the statute, in 1941. It was over 10 years thereafter before any action was taken by the present petitioners, the heirs at law of Elizabeth Casey, deceased. We after a great deal of thought and independent investigation, in addition to the excellent briefs filed herein, have concluded that the Court of Appeals was in error in their conclusion.

As heretofore said the two lower courts concurred in finding that the purpose of the deed, Lula Williamson to Robert Casey and wife Eva B. Casey, was for the purpose of perfecting a tenancy by the entireties between the Caseys. An estate by the entireties is one held by the husband and wife by virtue of a title acquired by them jointly after their marriage. Being regarded as one person in law, they take, not in parts or shares, like joint tenants or tenants in common, but each takes the

whole, or, in the ancient phrase they are seized, not *per my et per tout,* but *per tout* only. *Cole Mfg. Co. v. Collier,* 95 Tenn. 115, 31 S.W. 1000, 30 L.R.A. 315, 49 Am.St. Rep. 921; *Jackson v. Shelton,* 89 Tenn. 82, 16 S.W. 142, 12 L.R.A. 514. Incident to this estate, as to joint tenancy, is the right of survivorship, with this difference, that, on the death of the husband or wife, the survivor takes no new title or estate; he or she is in possession of the whole from its inception.

Code sec. 7666, Williams' Annotated Code, 64-2602 T.C.A. provides:

"All of said instruments so registered shall be notice to all the world from the time they are noted for registration, as prescribed in sec. 816; and shall take effect from said time."

This is not a sufficient notice under the authorities in this State. It is true that recordation creates constructive notice as distinguished from actual notice, in that ordinarily actual notice is when one sees with his eyes that something is done or sees the thing or the person, here the Legislature, the lawmaking body of the State, has passed an Act which has been carried in our Codes for many years saying that if a thing, an instrument or a deed or what-not, was registered that the mere registration of this instrument "shall be notice to all the world".

"This doctrine of constructive notice by mere presumption of law, arising from the operation of the registry acts, is to be taken with certain qualifications. It is very different in its effect from actual notice: actual notice binds the conscience of the party; constructive notice, by mere operation of the registry acts, may bind his title, but not his consicence. * * * The object of registration is to give notice to creditors

and subsequent purchasers." *Lally v. Holland,* 31 Tenn. 396, 401.

There is nothing in this record to show an ouster except the conveyance of the property here for the purpose of attempting to create tenancy by the entirety by the one tenant in common with his then wife, that is, a deed to the third party for this purpose.

"An ouster, in the law of tenancy in common, is the wrongful dispossession or exclusion by one tenant in common of his cotenant or cotenants from the common property of which they are entitled to possession. It differs from the acts constituting an ouster in other cases only in the evidence by which it may be established." 86 C.J.S., Tenancy in Common, sec. 27, p. 386.

The authorities generally in this State support this statement. Certainly to constitute an ouster of one tenant in common the evidence that there has been an ouster must be much stronger as between these tenants in common than as between mere strangers. When one attempts to set up an ouster as between tenants in common the evidence should be viewed by the court most strongly against that person who attempts to set up an ouster and in favor of the tenant in common who makes no such attempt. *Drewery v. Nelms,* 132 Tenn. 254, 177 S.W. 946.

"In *Drewery v. Nelms, supra,* it was held that the mere silent, sole occupation by one cotenant of the entire property though claiming the whole estate and appropriating all the rents without notice to his cotenants is insufficient to establish adverse possession and that there must be actual notice of a claim of sole ownership or other positive and unequivocal acts which by their nature put the other cotenants on notice

that they are excluded from possession." *Hydas v. Johnson*, 28 Tenn.App. 126, 187 S.W.2d 534, 535.

In this case, that is *Hydas v. Johnson, supra,* the Court of Appeals had the identical state of facts as in the instant case except there the husband, tenant in common, died and the wife attempted to claim the whole property. In that case there was no deed and registration. In other words there was no chance to claim adverse possession by registration.

This Court over 100 years ago in *Doak v. Donelson's Lessee,* 10 Tenn. 249, at page 254, among other things made a statement as follows:

"I believe the course of legal thinking in Tennessee has been that a tenant cannot be permitted to set up an outstanding title in a third person to the prejudice of the title under which he entered at any time; nor has he power whilst continuing in possession to change its original character, so as to confirm the outstanding title of a third person by the statute of limitations; * * * *"

This statement was the law then and we think it is now. The person here was attempting to convey the property to a third person for the purpose only of having it reconveyed to him, the tenant in common, and his then wife. His acts hereunder are seemingly very analogous to those in *Perkins v. Johnson, supra,* and clearly he or those in privity with him as was his wife when they were grantees in this deed from this third person, should not and will not be allowed to profit merely by reason of the deed which was recorded without any other notice or act.

In 1 Am.Jur., at page 826, Sec. 55, the authors state:

"The taking and recording of a deed by one tenant in common from a third person will not have any effect

towards constituting such an ouster of his cotenant as would lay the foundation for the commencement of an adverse possession against him, unless accompanied and followed by a hostile claim of which the cotenant had knowledge, and by acts of possession not only inconsistent with, but in exclusion of, the continuing right of the cotenant in the premises. Putting a tax deed for the whole tract on record is no ouster of a cotenant unless he knew of the adverse claim, and this is true even though the claimant enters under such a deed and exercises certain acts of ownership."

In the case of *Quarles v. Arthur*, 33 Tenn.App. 291, 231 S.W.2d 589, the Court of Appeals, in an excellently reasoned opinion, handed down in January, 1950, have concluded as to a life tenant (we think the same rule reasonable and applicable under the facts in this case) that:

"A remainderman is not charged with duty of keeping his estate under constant observation, nor is he charged with notice of a conveyance from life tenant not appearing in his chain of title, even though followed by possession of grantee, and life tenant or his conveyee must not only disclose to remaindermen basis of his claim but there must be some clear and positive overt act or express notice to start running of statute of limitations." 8th Headnote.

Thus after a great deal of thought and much independent investigation, we have concluded that the Court of Appeals was in error and that the Chancellor was correct. The Court of Appeals is thus reversed and the cause remanded to the Chancery Court for proceedings consistent with this opinion.

SWEPSTON, JUSTICE.

I concur in the opinion prepared by Justice Burnett in the above case for the reasons stated therein. I think it well to add as a practical matter that it would be utterly unworkable to hold that the mere registration of a deed by one tenant in common purporting to convey the entire property to a third party would be an ouster of other tenants in common, in the absence of possession by said grantee under said deed so as to amount to adverse possession.

Such a rule would require every tenant in common to go to the Register's Office at frequent intervals to examine the records for such a deed. That office would be so flooded with tenants in common that the Register would be unable to function.

It is the adverse possession under the deed that *effects* an ouster, but not merely the deed subsequent to and not constituting a part of the chain of title of a tenant in common.

On Petition to Rehear.

BURNETT, JUSTICE.

We have before us a courteous and dignified petition to rehear. The petition is based on the ground that "the Court did not discuss, and apparently, did not consider the assignments of error properly and legally raised by Lizzie B. Moore to the opinion of the Court of Appeals as set out in her brief to this Honorable Court".

These assignments are then set forth along with an extensive argument in support thereof.

Obviously this same question was before us originally. It was ably argued before this Court in oral argument. We intended our opinion to cover the question. We did

not take up the respective positions of both parties—each side assigned errors—*seriatim* but it was our intention to cover the question by the opinion we prepared. We think a careful analysis of the opinion will so show.

We made an effort, "to canvass the evidence or sift the evidence" (Assignment A here) for any and all evidence of an ouster herein and to say and determine whether or not there was an ouster here. We concluded, even under the evidence here reargued, that there was not sufficient evidence of ouster in law to take this case to a jury if it had been a jury case. We did not say this in the words just used but this is what we meant by the analysis of the factual situation in this case as applied to the law.

For this reason the petition to rehear must be overruled.