# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs September 16, 2010

## ARTHUR B. ROBERTS, ET AL. v. ROBERT BAILEY, ET AL.

**Appeal from the Chancery Court for Loudon County**
**No. 11419      Frank V. Williams, III, Chancellor**

---

**No. E2010-00899-COA-R3-CV - FILED NOVEMBER 9, 2010**

---

Robert Bailey, Lisa Bailey Dishner, and Richard Neal Bailey ("the Baileys") were sued by Arthur B. Roberts and Tia Roberts with regard to a boundary line dispute. The Baileys filed a third party complaint against Dale Littleton, Alice Littleton, Kimber Littleton, Mark Lee Littleton ("the Littletons"), and Charlotte Dutton seeking to quiet title to real property, including the property involved in the boundary line dispute. The Baileys filed a motion for partial summary judgment against the Littletons. After a hearing, the Trial Court entered an order denying the motion for summary judgment and certifying the judgment as final pursuant to Tenn. R. Civ. P. 54.02. The Baileys appeal to this Court. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which HERSCHEL P. FRANKS, P.J., and JOHN W. MCCLARTY, J., joined.

Katherine M. Hamilton, Knoxville, Tennessee, for the appellants, Robert Bailey, Lisa Bailey Dishner, and Richard Neal Bailey.

Bianca F. White and Thomas M. Hale, Knoxville, Tennessee, for the appellees, Dale Littleton, Alice Littleton, Kimber Littleton, and Mark Lee Littleton.

# OPINION

## Background

This case is before us with regard to the third party complaint filed by the Baileys seeking to quiet title. The Baileys filed a motion for partial summary judgment. The Trial Court found that "for purposes of the Motion, the parties agree that the material facts are not in dispute and the chain of title as set forth in the third party complaint and exhibited thereto is admitted."

There are a few critical facts with regard to the motion for partial summary judgment. In October of 1918, C.B. Bowling and his wife conveyed to N. B. Bailey and his wife, Pearl Bailey, a tract of real property consisting of around 100 acres. N. B. Bailey died in 1948 seized of the real property at issue in this case and leaving his wife, Pearl Bailey, and four children. In their brief in support of their motion for partial summary judgment, the Baileys alleged, in pertinent part, that the 1918 deed conveying the 100 acre tract to N.B. Bailey and Pearl Bailey created a tenancy by the entireties despite the fact that the deed was given during "the gap years between the emancipation of women and the enactment of the Bejach statutes [that stated that tenancies by the entirety were not abolished in Tennessee.]"

After a hearing on the motion for partial summary judgment, the Trial Court entered an order on March 30, 2010 denying the motion and holding, *inter alia:*

> The rule of *Gill v. McKinney*, 140 Tenn. 549, 205 S.W. 416 (Tenn. 1918), having been reaffirmed in *Moore v. Cole*, 200 Tenn. 43, 289 S.W.2d 695 (Tenn. 1956), has never been overturned by the Tennessee Supreme Court. As a result, the property the subject of the Motion was owned by Nubert Bailey and wife Pearl Bailey as tenants in common.

The Trial Court certified its March 30, 2010 order as a final judgment pursuant to Tenn. R. Civ. P. 54.02.[1] The Baileys appeal to this Court.

---

[1] We recognize that the denial of the Baileys' motion for partial summary judgment may not have been appropriate to have been certified as a final judgment pursuant to Tenn. R. Civ. P. 54.02. If it was not appropriate for the Trial Court's order to have been certified as a final judgment pursuant to Rule 54.02, we, in the interest of judicial economy, allow this appeal to proceed as an interlocutory appeal.

**Discussion**

Although not stated exactly as such, the Baileys raise one issue on appeal, whether the Trial Court erred in finding that the property acquired by Nubert Bailey and Pearl Bailey was held as tenants in common and refusing to grant summary judgment.

Our Supreme Court reiterated the standard of review in summary judgment cases as follows:

> The scope of review of a grant of summary judgment is well established. Because our inquiry involves a question of law, no presumption of correctness attaches to the judgment, and our task is to review the record to determine whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied. *Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997); *Cowden v. Sovran Bank/Cent. S.*, 816 S.W.2d 741, 744 (Tenn. 1991).
>
> A summary judgment may be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04; *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993). The party seeking the summary judgment has the ultimate burden of persuasion "that there are no disputed, material facts creating a genuine issue for trial . . . and that he is entitled to judgment as a matter of law." *Id*. at 215. If that motion is properly supported, the burden to establish a genuine issue of material fact shifts to the non-moving party. In order to shift the burden, the movant must either affirmatively negate an essential element of the nonmovant's claim or demonstrate that the nonmoving party cannot establish an essential element of his case. *Id*. at 215 n.5; *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 8-9 (Tenn. 2008). "[C]onclusory assertion[s]" are not sufficient to shift the burden to the non-moving party. *Byrd*, 847 S.W.2d at 215; *see also Blanchard v. Kellum*, 975 S.W.2d 522, 525 (Tenn. 1998). Our state does not apply the federal standard for summary judgment. The standard established in *McCarley v. West Quality Food Service*, 960 S.W.2d 585, 588 (Tenn. 1998), sets out, in the words of one authority, "a reasonable, predictable summary judgment jurisprudence for our state." Judy M. Cornett, *The Legacy of Byrd v. Hall: Gossiping About Summary Judgment in Tennessee*, 69 Tenn. L. Rev. 175, 220 (2001).
>
> Courts must view the evidence and all reasonable inferences therefrom in the light most favorable to the non-moving party. *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997). A grant of summary judgment is appropriate

-3-

only when the facts and the reasonable inferences from those facts would permit a reasonable person to reach only one conclusion. *Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 89 (Tenn. 2000). In making that assessment, this Court must discard all countervailing evidence. *Byrd*, 847 S.W.2d at 210-11. Recently, this Court confirmed these principles in *Hannan*.

*Giggers v. Memphis Housing Authority*, 277 S.W.3d 359, 363-64 (Tenn. 2009).

Effective in January of 1914, our General Assembly enacted a statute emancipating married women, which, in its current iteration provides, in pertinent part:

Married women are fully emancipated from all disability on account of coverture, and the common law as to the disability of married women and its effects on the rights of property of the wife, is totally abrogated, except as set out in § 36-3-505, and marriage shall not impose any disability or incapacity on a woman as to the ownership, acquisition or disposition of property of any sort, or as to the wife's capacity to make contracts and to do all acts in reference to property that the wife could lawfully do, if the wife were not married, but every woman now married, or hereafter to be married, shall have the same capacity to acquire, hold, manage, control, use, enjoy and dispose of, all property, real and personal, in possession, and to make any contract in reference to it, and to bind herself personally, and to sue and be sued with all the rights and incidents thereof, as if the wife were not married.

Tenn. Code Ann. § 36-3-504(a) (2005).

Our Supreme Court discussed the statute emancipating married women in the 1918 case of *Gill v. McKinney* and instructed:

We think the Legislature intended to abolish estates by the entireties by the foregoing act. We also think that the language employed by it directly effects that result. The estate is an incident of marriage which grew out of the legal union of husband and wife. It arose from the disability of the wife on account of marriage, and cannot exist without it. Because she had no legal existence she could not take an equal moiety with her husband, but being named with him as grantee in the deed, it was so unjust for her not to take at all, the judges thought she must take in event she survived her husband. In that case her legal existence would be restored to her and she could enjoy the land conveyed in the deed. So the estate is a creature of the common law, and is an incident of marriage; this being true, when the Legislature abolished the

"common law as to the disabilities of married women" and its "effects on the rights of property of the wife," it must have included this particular estate. The act further declared "that marriage shall not impose any disability or incapacity on a woman as to the ownership, acquisition, or disposition of property of any sort." By express language of the statute such "disability" or "incapacity" as to property was totally abrogated. We think this necessarily included estates by the entireties.

*Gill v. McKinney*, 205 S.W. 416, 418 (Tenn. 1918).

Effective in April of 1919, our General Assembly reestablished tenancy by the entireties by enacting a statute, which, in its current iteration provides: "Nothing in § 36-3-504 shall be construed as abolishing tenancies by the entirety." Tenn. Code Ann. § 36-3-505 (2005).

In 1924, our Supreme Court again discussed the statute emancipating married women and stated:

Extended discussion of the doctrine of estates by entirety will serve no purpose. The effect of [Tenn. Code Ann. § 36-3-504], was to abolish such estates until restored by a subsequent act. *Gill v. McKinney*, 140 Tenn. 549, 205 S.W. 416; *Kellar v. Kellar*, 142 Tenn. 529, 221 S.W. 189. Lifting the disabilities of coverture removed the legal unity from which the estate by entirety was implied.

*Hicks v. Sprankle*, 257 S.W. 1044, 1045 (Tenn. 1924) (citation omitted). Thus, as recognized in the compiler's notes to Tenn. Code Ann. § 36-3-505, "there is a hiatus in the estate of tenancy by the entireties, which extends from January 1, 1914, to April 16, 1919, and affects deeds executed in that period." Tenn. Code Ann. § 36-3-505 (2005) (Compiler's Notes).

In the case now before us on appeal, the operative deed, i.e., the 1918 deed from C.B. Bowling and his wife to N. B. Bailey and his wife, Pearl Bailey, was given during the "hiatus in the estate of tenancy by the entireties." *Id*. Thus, N.B. Bailey and Pearl Bailey did not take title as tenants by the entireties.

The Baileys argue on appeal, in part, that our Supreme Court "implicitly overruled" *Gill v. McKinney* in the 1974 case of *Robinson v. Trousdale Cty.*, 516 S.W.2d 626 (Tenn. 1974). The *Robinson* Court discussed the statutes at issue, both the one emancipating married women and the one reestablishing tenancy by the entireties, and surveyed the case law in Tennessee with disfavor. *Id*. The *Robinson* Court specifically stated:

We do not believe that the common law disability of coverture has any sanction in our jurisprudence or any relevance in our society. At best it is outmoded; at worst oppressive and degrading.

* * *

The fact that Tennessee clings to the common law concept of coverture casts a shadow of doubt upon the intellectual consistency of our approach to the whole area of equality of the sexes, and points up the need for bringing this phase of our law into harmony with modern thinking.

We hold that the Married Women's Act (Ch. 26, Acts of 1913), fully and effectively eradicated the common law disability of coverture and that the amendatory act, Chapter 126, Acts of 1919, did not have the legal effect of restoring it.

We abolish the last vestige of the common law disability of coverture in Tennessee.

We do not abolish the estate of tenancy by the entirety, but we strip it of the artificial and archaic rules and restrictions imposed at the common law, and we fully deterge it of its deprivations and detriments to women and fully emancipate them from its burdens.

From this date forward each tenant shall have a joint right to the use, control, incomes, rents, profits, usufructs and possession of property so held, and neither may sell, encumber, alienate or dispose of any portion thereof except his or her right of survivorship, without the consent of the other. Any unilateral attempt will be wholly and utterly void at the instance of the aggrieved tenant and any prospective purchaser, transferee, lessee, mortgagee and the like will act at his peril.

*Robinson*, 516 S.W.2d at 631, 632.

While the *Robinson* Court showed disfavor for the state of the law in Tennessee with regard to the issue then before it, the *Robinson* Court did not have before it the issue of whether title taken by a husband and wife during the gap years, i.e., from January 1, 1914, to April 16, 1919, could have been taken as tenants by the entireties. Instead, the *Robinson* Court dealt only with the issues of "the rights, benefits and privileges of the tenants, the right of a tenant to convey his or her interest, and the common law disability of

coverture" with regard to property held as an estate by the entireties. *Id*. at 627.

In essence, what the Baileys are requesting this Court to do in this appeal is overrule the Supreme Court's holding in *Gill v. McKinney*    This we cannot do. It is not the role of this Court to attempt to overrule Supreme Court precedent. If the Supreme Court's holding in *Gill v. McKinney* is to be overruled and reversed by a Tennessee court, it must be the Tennessee Supreme Court that does so.

Given the law as it exists in Tennessee, we find that the Trial Court did not err in finding:

> The rule of *Gill v. McKinney*, 140 Tenn. 549, 205 S.W. 416 (Tenn. 1918), having been reaffirmed in *Moore v. Cole*, 200 Tenn. 43, 289 S.W.2d 695 (Tenn. 1956), has never been overturned by the Tennessee Supreme Court. As a result, the property the subject of the Motion was owned by Nubert Bailey and wife Pearl Bailey as tenants in common.

As such, the Baileys were not entitled to summary judgment to quiet title. We, therefore, affirm the Trial Court's March 30, 2010 order.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the appellants, Robert Bailey, Lisa Bailey Dishner, and Richard Neal Bailey, and their surety.

_____
D. MICHAEL SWINEY, JUDGE

-7-