IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
March 22, 2011 Session

**ELMER ELLIOTT, JR. v. PEARL ELLIOTT, ET AL.**

**Direct Appeal from the Chancery Court for Gibson County, at Trenton**
**No. 18, 830      George R. Ellis, Chancellor**

_____

**No. W2010-02085-COA-R3-CV - Filed May 4, 2011**

_____

The trial court granted summary judgment to defendants, finding that plaintiff was ousted from the property at issue, that defendant Pearl Elliott was the presumptive owner of the property due to recordation and payment of property taxes, and that plaintiff's suit was statutorily barred. We affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed**

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which DAVID R. FARMER, J., and J. STEVEN STAFFORD, J., joined.

Bill R. Barron, Trenton, Tennessee, for the appellant, Elmer Elliott, Jr.

C. Mark Donaoho, Magan N. White, Jackson, Tennessee, for the appellees, Pearl Elliott, et al

**OPINION**

## I. FACTS & PROCEDURAL HISTORY

The pertinent facts of this case have been previously set forth in the opinion of this Court issued on August 10, 2010:

This appeal arises from an action to determine the rightful ownership of a 63-acre tract of real property in Gibson County filed by Elmer Elliot[t], (Mr. Elliot[t]) in the Chancery Court for Gibson County in April 2008.[1] In his complaint, Mr. Elliot[t] asserted that he is the owner of a one-third undivided interest in the property; that a 1939 order awarding 23 acres of the property to Ruth Word Talbert and 39 acres to Cad Elliot[t] was obtained by either error or fraud; and that named Defendants Pearl Elliot[t] and her son, Robert Elliot[t] (collectively, "the named Defendants"), own a combined two-thirds interest in the property. Mr. Elliot[t] prayed for the 1939 order to be set aside and considered void; for a declaration that he is the owner of a one-third undivided interest in the property; that the deeds to the property be reformed; for partition of the 63-acre tract; for one-third of all rents and profits obtained from the property, plus interest; and for attorney's fees to be paid from the common fund.

The named Defendants answered in July 2008, asserting that Pearl Elliot[t] is the rightful owner of the property in fee simple. They further asserted ownership by adverse possession and asserted the affirmative defenses of laches; the statute of limitations; the statute of repose; and equitable estoppel. The named Defendants also asserted that Mr. Elliot[t] had failed to plead fraud with specificity or particularity as required by Tennessee Rules of Civil Procedure 9.02. In October 2008, the named Defendants moved for summary judgment, asserting there were no genuine issues of material fact; that Pearl Elliot[t] was the presumed owner under Tennessee Code Annotated § 29-2-109; and that Mr. Elliot[t]'s claim was barred under Tennessee Code Annotated § 28-2-110. Mr. Elliot[t] responded and filed a cross-motion for summary judgment in October 2008. In his motion, Mr. Elliot[t] asserted, *inter alia*, that he had not been ousted by the named Defendants and that his claim of ownership was not, therefore, statutorily barred.

---

[1] In June 2008, the trial court entered a consent order consolidating the 2008 action with an action previously commenced by Mr. Elliott in 2005.

Following a hearing in August 2009,[2] the trial court awarded summary judgment to the named Defendants and dismissed "all other motions." The trial court entered its order on January 12, 2010, and Mr. Elliot[t] filed a notice of appeal on January 25, 2010.

*Elliott v. Elliott*, No. W2010-00302-COA-R3-CV, 2010 WL 3155220, at *1 (Tenn. Ct. App. Aug. 10, 2010) (footnotes in original).

Because the style of the cause included potential "unknown heirs," and it did not appear that the trial court had determined whether such heirs existed or that it had entered an order dismissing either the unnamed heirs or the claims against them, we dismissed the appeal for failure to appeal a final judgment on August 10, 2010. On remand, the trial court entered a "Final Judgment," finding that no "unknown heirs" existed, and dismissing the complaint against them. Unlike its order granting summary judgment, the trial court's "Final Judgment" included the following findings:

1. Ms. [Pearl] Elliott has paid taxes on the disputed property for a period of more than twenty years and has a deed to the property recorded in the register's office for a period of at least twenty years. Accordingly, Ms. Elliott is the presumptive owner of the real property pursuant to Tennessee Code Annotated section 28-2-109.

2. The Plaintiff never paid taxes on the disputed property.

3. The Plaintiff is barred from bringing this lawsuit against Ms. Elliott pursuant to Tennessee Code Annotated section 28-2-110(a).

4. Ms. Elliott enjoyed exclusive and uninterrupted possession of the disputed property for more than forty years claiming the land as her own.

5. Although the Plaintiff believed for some time that he owned a share of the property and engaged in discussions with Ms. Elliott for several years regarding the ownership of the property, the Plaintiff continued to allow Ms. Elliott to reside on the property, pay the taxes, and collect rent without an accounting.

6. Ms. Elliott was aware of the Plaintiff's claims of ownership to the property but maintained that the Plaintiff did not deserve an ownership interest in the

---

[2]It appears that no transcript was generated at the hearing.

property.

7. Although the Plaintiff once resided on the property, Ms. Elliott kicked him out of the residence and off the property.

8. Accordingly, Ms. Elliott ousted the Plaintiff from the property, and the Plaintiff is not entitled to any share of the property.

Following entry of the "Final Judgment," Plaintiff filed a second notice of appeal on September 30, 2010.

## II. ISSUE PRESENTED

Appellant presents the following issue for review:

1. Whether the trial court erred in granting Defendants' motion for summary judgment.

For the following reasons, we affirm the trial court's grant of summary judgment.

## III. STANDARD OF REVIEW

A motion for summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." **Tenn. R. Civ. P. 56.04.** "The party seeking the summary judgment has the burden of demonstrating that no genuine disputes of material fact exist and that it is entitled to a judgment as a matter of law." *Green v. Green*, 293 S.W.3d 493, 513 (Tenn. 2009) (citing *Martin v. Norfolk S. Ry.,* 271 S.W.3d 76, 83 (Tenn. 2008); *Amos v. Metro. Gov't of Nashville & Davidson County,* 259 S.W.3d 705, 710 (Tenn. 2008)). "When ascertaining whether a genuine dispute of material fact exists in a particular case, the courts must focus on (1) whether the evidence establishing the facts is admissible, (2) whether a factual dispute actually exists, and, if a factual dispute exists, (3) whether the factual dispute is material to the grounds of the summary judgment." *Id.* Not every factual dispute requires the denial of a motion for summary judgment. *Id.* at 514. To warrant denial of a motion for summary judgment, the factual dispute must be material, meaning "germane to the claim or defense on which the summary judgment is predicated." *Id.* (citing *Eskin v. Bartee,* 262 S.W.3d 727, 732 (Tenn. 2008); *Luther v. Compton,* 5 S.W.3d 635, 639 (Tenn. 1999)).

The resolution of a motion for summary judgment is a matter of law, which we review de novo with no presumption of correctness. *Martin,* 271 S.W.3d at 84. However, "we are required to review the evidence in the light most favorable to the nonmoving party and to draw all reasonable inferences favoring the nonmoving party." *Id.* (citing *Staples v. CBL & Assocs., Inc.,* 15 S.W.3d 83, 89 (Tenn. 2000)). Summary judgment is appropriate "when the undisputed facts, as well as the inferences reasonably drawn from the undisputed facts, support only one conclusion--that the moving party is entitled to a judgment as a matter of law." *Green,* 293 S.W.3d at 513 (citing *Griffis v. Davidson County Metro. Gov't,* 164 S.W.3d 267, 283-84 (Tenn. 2005); *Pero's Steak & Spaghetti House v. Lee,* 90 S.W.3d 614, 620 (Tenn. 2002)).

## IV. DISCUSSION

On appeal, Mr. Elliott argues that the trial court erred in granting summary judgment to the defendants because material issues of fact are in dispute. Specifically, he asserts that he owns a one-third undivided interest in the property as a co-tenant of the defendants. Because of this co-tenancy, he maintains, his claim of ownership is not statutorily barred in the absence of ouster, which he claims has not been shown.

The defendants maintain that they are entitled to a presumption of ownership pursuant to Tennessee Code Annotated section 28-2-109:

> Any person holding any real estate or land of any kind, or any legal or equitable interest therein, who has paid, or who and those through whom such person claims have paid, the state and county taxes on the same for more th[a]n twenty (20) years continuously prior to the date when any question arises in any of the courts of this state concerning the same, and who has had or who and those through whom such person claims have had, such person's deed, conveyance, grant or other assurance of title recorded in the register's office of the county in which the land lies, for such period of more than twenty (20) years, shall be presumed prima facie to be the legal owner of such land.

They further contend that Tennessee Code Annotated section 28-2-110(a) bars Mr. Elliott's cause of action:

> (a) Any person having any claim to real estate or land of any kind, or to any legal or equitable interest therein, the same having been subject to assessment for state and county taxes, who and those through whom such person claims have failed to have the same assessed and to pay any state and county taxes thereon for a period of more than twenty (20) years, shall be forever barred

from bringing any action in law or in equity to recover the same, or to recover any rents or profits therefrom in any of the courts of this state.

It is undisputed in this case that defendant Pearl Elliott paid the taxes on the property at issue for a period of more than twenty years and that plaintiff Mr. Elliott never paid any taxes on the property. Apparently the recordation of Pearl Elliott's interest is also undisputed. However, Mr. Elliott argues that the above-cited statutes are inapplicable because he is a tenant in common with the defendants, Pearl and Robert Elliott, his aunt and cousin, respectively. The defendants contend that even if the parties are tenants in common, that Mr. Elliott has been effectively ousted from the property, and thus, that the statutes are applicable.

"Ordinarily, a tenant in common is presumed to hold on behalf of himself and all other co-tenants, and therefore the possession of one tenant in common is not ordinarily held to be hostile to the co-tenants." *Howell v. Howell*, No. 01A01-9806-CV-00301, 1999 WL 536261, at *9 (Tenn. Ct. App. W.S. July 27, 1999) (citing *Moor v. Cole*, 289 S.W.2d 695 (Tenn. 1956)). Mr. Elliott is correct in his assertion that sections 28-2-109 and 28-2-110(a) do not operate to bar a claim by a tenant in common against another tenant in common in the absence of ouster. *See Phillips v. Pittsburgh Consol. Coal Co.*, 541 S.W.2d 411, 413 (Tenn. 1976) (citing *Moore v. Cole*, 289 S.W.2d 695 (Tenn. 1956); *Memphis Housing Auth. v. Mahoney*, 359 S.W.2d 851 (Tenn. Ct. App. 1962)); *see also Scott v. Yarbro*, No. W2008-00090-COA-R3-CV, 2008 WL 4613979, at *7 (Tenn. Ct. App. Oct. 15, 2008). "'An ouster, in the law of tenancy in common, is the wrongful dispossession or exclusion by one tenant in common of his cotenant or cotenants from the common property of which they are entitled to possession.'" *Envision Props., LLC v. Johnson*, No. E2005-00634-COA-R3-CV, WL 2860195, 2005 WL 2860195, at *5-6 (quoting *Moore v. Cole*, 289 S.W.2d 695, 699 (Tenn. 1956)). An "'ouster does not necessarily mean a physical expulsion of one party by another, but it requires the party claiming adversely to perform some act that makes it clear to his cotenant that she is being excluded from ownership.'" *Id.* (quoting *Nesmith v. Alsup*, No. 01A01-9809-CH00509, 1999 WL 557620, at *4 (Tenn. Ct. App. M.S. Aug. 2, 1999)). Our Supreme Court has explained "ouster" as follows:

> This ouster by one tenant in common against his cotenant may occur, but it takes something more than an appropriation of the rents without an accounting. The mere silent, sole occupation by one of the entire property, though he be claiming the whole estate, and appropriating the whole rents, without an accounting to or claim by the others, without notice to his cotenant that his possession is adverse, and unaccompanied by some act which can amount to an exclusion and ouster of the cotenant, cannot be construed into an adverse

possession. This ouster and exclusion may be effected by taking possession and affording actual notice of a claim of sole ownership or other positive and unequivocal act that must by its nature put the other cotenants upon notice that they are excluded from the possession.

*Id.* (quoting *Drewery v. Nelms*, 177 S.W. 946, 948 (Tenn. 1915)). "'When one attempts to set up an ouster as between tenants in common the evidence should be viewed by the court most strongly against that person who attempts to set up an ouster and in favor of the tenant in common who makes no such attempt.'" *Id.* (quoting *Moore*, 289 S.W.2d at 699).

In the present case, Mr. Elliott admits that he and defendant Pearl Elliott "have had communication about [the property rights] for several years." During these "communications," Mr. Elliott apparently expressed his belief that he had inherited an interest in the property from his father, although he was uncertain as to the extent of such interest. According to Mr. Elliott, however, defendant Pearl Elliott never acknowledged Mr. Elliott's alleged interest. Instead she "denied that [Mr.] Elliott owned anything."

Mr. Elliott contends that because defendant Pearl Elliott refused to acknowledge the existence of a tenancy in common between the parties, ouster cannot be shown. Mr. Elliott relies upon the case of *Howell v. Howell*, No. 01A01-9806-CV-00301, 1999 WL 536261, at *9 (Tenn. Ct. App. W.S. July 27, 1999), in which this Court stated that "where *all* cotenants are ignorant of the co-tenancy none can be ousted, and the property cannot be adversely possessed." *Howell*, 1999 WL 536261, at *9, 10 (citing *Denton v. Denton*, 627 S.W.2d 124 (Tenn. Ct. App. 1981)) (emphasis added). Mr. Elliott, however, misapprehends the knowledge required to effect an ouster. Because an ouster may be accomplished "by taking possession and affording actual notice of a *claim of sole ownership*[,]" *Drewery*, 177 S.W. at 948, the acknowledgment of a co-tenancy by *both* parties is not required.

We find that defendant Pearl Elliott's refusal to acknowledge plaintiff's alleged interest and her claim of sole ownership, coupled with her testimony that she forced Mr. Elliott to move from the property[3] establishes an ouster of Mr. Elliott. Accordingly, we find, pursuant to Tennessee Code Annotated sections 28-2-109 and 28-2-110(a), that defendant Pearl Elliott's payment of taxes for more than twenty years bars Mr. Elliott's cause of action. The trial court's grant of summary judgment to the defendants is affirmed.[4]

## IV. CONCLUSION

For the aforementioned reasons, we affirm the trial court's grant of summary judgment to the defendants. Costs of this appeal are taxed to Appellant, Elmer Elliott, Jr., and his surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.

---

[3]In his brief, Mr. Elliott argues that "Mrs. Pearl Elliott required [Mr. Elliott] to leave the house for misbehavior as a young seventeen year old, not as an owner." However, Mr. Elliott, born in 1926, alleges that he inherited his father's interest in the property when his grandfather died in 1936. Thus, his alleged interest must have vested prior to his departure from the home.

[4]At oral argument, the defendants argued that the 1939 order excluded Mr. Elliott's father from ownership, and therefore, that Mr. Elliott had no interest to bring this suit. However, because we find that even if there existed a co-tenancy among the parties, that Mr. Elliott was effectively ousted, we need not address this issue.